**UNITED STATES of America,
Appellant,**

v.

**Ronald Monroe FIELDS.**

**UNITED STATES of America,
Appellant,**

v.

**Dolores Melba BUTLER.**

Nos. 18537, 18538.

United States Court of Appeals, Third Circuit.

Argued March 20, 1970.

Decided April 29, 1970.

John H. Bingler, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for appellant.

Lawrence G. Zurawsky, Pittsburgh, Pa., for appellees.

Before McLAUGHLIN, FREEDMAN and GIBBONS, Circuit Judges.

### OPINION OF THE COURT

GIBBONS, Circuit Judge.

On December 22, 1969, the defendants, Ronald Fields and Dolores Butler, returning to the Greater Pittsburgh Airport following an air trip, asked the valet parking personnel for the motor vehicle which they had left at the airport on their departure. The car was delivered to them at the airport parking concourse. As they were getting into it they were arrested by federal narcotic agents on charges of receiving, concealing and facilitating the transportation and concealment of Heroin.

The vehicle, a 1969 Buick, was registered to and owned by Richard D. Fields, the brother of Ronald Fields. It was seized by the federal narcotics agents at the time of the arrest. At the same time a flight bag, allegedly containing narcotics, was also seized.

On December 23, 1969 a criminal complaint was filed in the United States District Court, Western District of Pennsylvania, against the defendants, Ronald Fields and Dolores Butler, for violation of 21 U.S.C. § 174 (1964) and 18 U.S.C. § 2 (1964) by receiving, concealing and facilitating the transportation and concealment of Heroin found in the flight bag.

In this criminal case the defendants moved, pursuant to Fed.R.Crim.P. 41(e), for an order suppressing the use as evidence of the Heroin, the flight bag and any other personal property seized at the time of the arrest. They also moved that the motor vehicle "be ordered returned to its owner (Richard D. Fields) immediately, and that no costs for seizure and storage of such vehicle be imposed upon the owner. * * *" That motion was heard by the district court on February 19, 1970. The Government's brief indicates that the district court ruled the December 22, 1969 search valid and thus it must have denied the motion for suppression of the Heroin and the flight bag, although no evidence of an order to that effect appears in the docket entries. On February 20, 1970, however, the district court issued an order directing that the car be returned forthwith to the custody and control of Richard D. Fields. The order further provided:

Richard Fields shall keep the vehicle within the territorial jurisdiction of this Court and shall maintain the vehicle available for delivery to federal authorities in the event of the issuance of a further Order of Court to that effect.

Richard Fields shall assure that adequate insurance covering the vehicle shall be maintained to assure full and reasonable compensation of federal authorities arising from damage to the vehicle while the vehicle is in the custody of Richard Fields and prior to any further Order of Court decreeing forfeiture or directing repossession of the vehicle by federal authorities. The Court now accepts the representation of Richard D. Fields that the vehicle purchase was financed by Western Pennsylvania National Bank, Highland Avenue branch, Pittsburgh, Pennsylvania, with approximately two (2) years' installment payments due

and owing at this date. Pursuant to the financing and chattel mortgage arrangement with Western Pennsylvania National Bank, the car is presently insured by the Samson Insurance Agency, 5223 Liberty Avenue, Pittsburgh, Pennsylvania. That policy of insurance is scheduled for renewal in March, 1970.

If Richard D. Fields fails to comply with the terms of this order or if forfeiture is eventually decreed, Richard D. Fields shall be personally liable to the United States Government and its agencies for the entire fair market value of the vehicle or any portion of that value not recovered by the United States.

Richard D. Fields was not a party to the criminal case in which the Rule 41(e) motion was made and the challenged order entered.

After the district court announced its ruling on February 19, 1970, and before the order was entered on February 20, 1970, the Government filed a complaint, Civil Action No. 70–202, for forfeiture of the vehicle, and made a motion for a stay or vacating of the proposed order, contending that the district court was without jurisdiction in a criminal proceeding under Fed.R.Crim.P. 41(e) to order the return to third parties of property seized pursuant to 49 U.S.C. § 781 (1964). When the district court persisted in entering the order, this appeal followed.

■ It is unlawful, under 49 U.S.C. § 781(a) (1964), to transport or conceal certain contraband articles, including narcotics, in a motor vehicle, or to use any motor vehicle to facilitate the transportation, concealment, receipt, purchase or sale of narcotics. 49 U.S.C. § 782 (1964) provides that any motor vehicle which has been or is being used in violation of § 781, or by means of which any such violation has been or is taking place, shall be seized and forfeited. 49 U.S.C. § 783 (1964) provides:

It shall be the duty of any officer * * * whenever he shall discover any * * * vehicle * * * which has been or is being used in violation of any of the provisions of this chapter, or in, upon, or by means of which any violation of this chapter has taken or is taking place, to seize such * * * vehicle * * * and to place it in the custody of such person as may be authorized * * * to await disposition pursuant to the provisions of this chapter and any regulations issued hereunder.

The Secretary of the Treasury, acting under the authority of 49 U.S.C. § 788 (1964), has established a policy with respect to remission and mitigation of forfeitures of vehicles under various statutes, including 49 U.S.C. § 781 et seq. (1964). 31 C.F.R. § 15.1 (1969). No effort was made in this case to obtain remission or mitigation. 49 U.S.C. § 784 (1964) adopts the provisions of the customs laws with respect to the method of converting a seizure into a forfeiture. The customs laws provide for filing of claims of property, 19 U.S.C. § 1608 (1964), and provide that in suits for forfeiture the claimant shall have the burden of proof. 19 U.S.C. § 1615 (1964); United States v. One 1965 Cadillac 2-Door Coupe, 260 F.Supp. 761 (W.D.Pa. 1966).

■ In this case all the civil procedures specified in Title 49 and in Title 19 were ignored, and the district court in a criminal proceeding under Fed.R. Crim.P. 41(e) entered an order directing the return of a vehicle to a party not before the court. There was no jurisdiction whatsoever to make such an order.

Very likely the district court was prompted to enter the order by a feeling that the United States Attorney had not moved promptly after the seizure to institute a forfeiture proceeding. 19 U.S. C. § 1604 (1964) directs that such proceedings be commenced "forthwith * * * without delay." Without suggesting that the delay here was inordinate, the remedy, if there was inordinate delay, was not in the criminal case. The federal courts decide cases and con-

troversies between litigants, and Fed.R. Crim.P. 41(e), does not and probably could not grant to the district court authority to exercise, in favor of non-parties, some sort of supervision over civil seizures and forfeitures.

Both the appellant and the appellees (who actually have no interest in the motor vehicle) assume without discussion the appealability of the order. The procedure for mandamus, Fed.R.App.P. 21, was not availed of, and the United States Attorney did not file with the district court the certificate required by the eighth paragraph of 18 U.S.C. § 3731 (1964), as amended, (Supp. IV, 1969), before a Rule 41(e) order granting suppression of evidence or return of seized property may be appealed. Thus, a question of appellate jurisdiction is presented, since prior to the 1968 amendment to 18 U.S.C. § 3731, Rule 41(e) orders, generally speaking, were not appealable. Carroll v. United States, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957); United States v. Pack, 247 F.2d 168 (3 Cir. 1957); United States v. Janitz, 161 F.2d 19 (3 Cir. 1947).

■ The Supreme Court has, however, recognized that certain orders relating to a criminal case may be found to possess sufficient independence from the main course of the prosecution to warrant treatment as plenary orders, and thus be appealable by virtue of 28 U.S.C. § 1291 (1964). Carroll v. United States, supra, 354 U.S. at 403, 77 S.Ct. 1332. One such category are orders where the emphasis is on the return of property rather than its suppression as evidence. E. g., Steele v. United States No. 1, 267 U.S. 498, 45 S.Ct. 414, 69 L. Ed. 757 (1925); Steele v. United States No. 2, 267 U.S. 505, 45 S.Ct. 417, 69 L.Ed. 761 (1925). The test is whether or not the motion is an independent proceeding or merely a step in the criminal case.

Applications for return of papers or other property may, however, often be made by motion or other summary proceeding, by reason of the fact that the person in possession is an officer

of the court. * * * Where an application is filed in that form, its essential character and the circumstances under which it is made will determine whether it is an independent proceeding or merely a step in the trial of the criminal case.

Cogen v. United States, 278 U.S. 221, 225, 49 S.Ct. 118, 120, 73 L.Ed. 275 (1929).

■ The government as well as the defendant may appeal if the order in question results from such an independent proceeding. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921).

■ We conclude that the motion for return of the motor vehicle was an independent proceeding intended for the benefit of a person not a party to the criminal case and not a step in the criminal case. Hence, the resulting order is appealable.

The order of the district court directing the return of the motor vehicle to Richard D. Fields shall be vacated.