**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**ONE (1) 1972 WOOD, 19 FOOT CUSTOM BOAT, FL 8443AY, and One (1) 1966 Lugg Boat Trailer, 1973 Florida Tag Number IV 7812, Defendant-Appellant,
and**

**Paul M. Doyon, Claimant-Appellant.
No. 74-1294
Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 7, 1974.

Rehearing and Rehearing En Banc Denied Nov. 26, 1974.

---

7. Specifically, the trial judge refused to allow counsel for the bank to question Rebozo as to any actions taken after Lewis's leaving the Bank to verify Lewis's ownership of the stock, despite a reference in the opening statement of Bank's counsel to the fact that such efforts were made.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

William P. Cagney, III, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Raymond R. Ray, and C. Wesley G. Currier, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

This appeal is from a proceeding brought by the United States to enforce forfeiture of a boat and trailer used to transport marijuana. The innocent owner had rented the boat to a third party, Antunovich. Antunovich was arrested and when he was taken into custody, the boat contained five burlap bags of marijuana. After an investigation, the customs service agreed to remit the boat to its owner, Doyon, upon the payment of the storage charges of approximately $400. Doyon refused to pay, and forfeiture proceedings were instituted. After trial, the boat and trailer were ordered forfeited to the United States. We affirm.

■ Appellant alleges that the delay between the seizure of the boat in August 1972, and the institution of forfeiture proceedings in June 1973, resulted in a denial of due process. The statutes involved, 19 U.S.C. §§ 1602, 1603, and 1604, require the customs officer to report immediately any seizure to his district office, and the U.S. Attorney to forthwith institute proceedings where necessary. The Customs investigation and administrative processing was not completed until April 10, 1973. At that time appellant was informed he would have to pay the storage charges in order to obtain his boat. He negotiated with the department as to the storage charges for an unspecified time, but at least until May. The case was then turned over to the U.S. Attorney who instituted suit on June 1, 1973. In these circumstances, the actions of the U.S. Attorney were in compliance with the statute.

■ Appellant also contends that he was deprived of his property without due process of law, without just compensation, and without prior notice and an opportunity to be heard, in violation of the 5th Amendment. These points have been raised and rejected in numerous forfeiture cases. In Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), the Supreme Court upheld a Puerto Rico statute which provided for seizure without notice and forfeiture to the Commonwealth of vessels used to transport controlled substances, including marijuana. As in the case at hand, the appellant in *Calero-Toledo* was an innocent lessor and was not involved in the criminal enterprise. The Court noted that "preseizure notice and hearing might frustrate the interests served by the statutes, since the property seized . . . will often be of a sort that could be removed to another jurisdiction, destroyed or concealed, if advance warning of confiscation were given." 416 U.S. at 679, 94 S.Ct. at 2090, 40 L.Ed.2d at 466. Rejecting the argument that the statute unconstitutionally authorized the taking for government use of innocent parties' property without just compensation, the Court stated, "Forfeiture of conveyances that have been used—and may be used again—in violation of the narcotics laws fosters the purposes served by the underlying criminal statutes, both by preventing further illicit use of the conveyance and by imposing an economic penalty, thereby rendering illegal behavior unprofitable." 416 U.S. at 686, 94 S.Ct. at 2093, 40 L.Ed.2d at 470. *See also* United States v. One 1970 Buick Riviera, 463 F.2d 1168 (5th Cir. 1972).

■■ At trial appellant objected to the admission of a chemist's report which stated that the substance seized from the boat was marijuana. The report was merely cumulative evidence. The government had already established that the arresting officer had detected the odor of marijuana in the boat and that his field test for marijuana had been positive. Under the provisions of 19 U.S.C. § 1615, once probable cause for seizure of a vessel has been shown, the burden is on the claimant to prove

such facts as are necessary to show that the property should not be forfeited. This he failed to do.

■ Appellant's arguments regarding the rulings of the trial court as to his cross-examination of the arresting agent are also without merit. His attempted cross-examination as to the affidavit in support of the arrest warrant was irrelevant to the question of whether the boat contained contraband.

■ Appellant also attempted to raise the defense of entrapment of the persons in possession of the boat at the time of its seizure. Entrapment is a personal defense and may be raised only by the person entrapped. Appellant had no standing to raise this defense.

■ Finally, appellant alleges the trial court erred in denying his counterclaim for damage to the boat and loss of service while it was in storage. 28 U.S.C. § 2680 specifically prohibits the bringing of any claim arising from the detention of any goods or merchandise by a customs officer. Appellant's remedy would be to show an unconstitutional forfeiture and sue under 28 U.S.C. § 1346(a)(2). He has not pursued that course.

Affirmed.