**UNITED STATES of America**

**v.**

**ONE 1973 PONTIAC GRAND AM, SERIAL NO. 2H37T3P177852.**

**Civ. No. SA–75–CA–105.**

United States District Court, W. D. Texas, San Antonio Division.

May 11, 1976.

**164**

Edward M. Johnson, Asst. U. S. Atty., San Antonio, Tex., for libelant U. S.

Charles D. Butts and Fred A. Semaan, San Antonio, Tex., for claimant Andrew Hurtado Mauricio.

## MEMORANDUM OPINION AND ORDER

### JOHN H. WOOD, Jr., District Judge.

The instant forfeiture action was brought against the subject vehicle by the libelant pursuant to the provisions of 19 U.S.C. § 1595a, 21 U.S.C. § 881(a)(4) and (d) and 49 U.S.C. § 782. The Complaint alleges that on or about August 14, 1974, the respondent vehicle was intended for use and was used to facilitate the unlawful importation, transportation, concealment, harboring, and possession of heroin.

On April 19, 1975, a hearing to determine probable cause was held and the libelant established through the testimony of Special Agent Al Castro, Drug Enforcement Administration, that on August 14, 1974, Agent Castro finalized arrangements with Ernest Zamarripa for a delivery of twenty-four (24) ounces of heroin which was to be delivered at 4:30 p. m. that afternoon in the parking lot of a local department store. At the designated time, Mr. Zamarripa arrived in a Volkswagen which was being followed by the respondent 1973 Pontiac Grand Am.

During the transaction being conducted by Agent Castro and Ernest Zamarripa, the occupants of the Pontiac were intently observing the negotiations with apparent unusual interest. Following the transaction, Agent Castro returned to his vehicle and gave a pre-arranged arrest signal, at which point the driver of the respondent Pontiac rapidly departed his vehicle and proceeded at a quick pace into the adjacent department store. The driver of the Pontiac and his passenger were arrested within seconds and the passenger was found to be in possession of 2.5 grams of heroin. The claimant, who was driving the subject Pontiac and is the registered owner of same, denied all knowledge of the heroin transaction and the fact that his passenger was in possession of heroin while riding in the claimant's vehicle. The claimant testified that he had come to the department store to buy a tie, although Agent Castro testified that he was told by Ernest Zamarripa that the 24-ounces of heroin belonged to the occupants of the subject Pontiac.

The Court is of the opinion that probable cause for the seizure of the respondent vehicle and the institution of the instant forfeiture proceeding has been established by the libelant and that the claimant has failed to show that the seizure and forfeiture were not within the statutes.

### THE FORFEITURE ISSUE

An action to forfeit a vehicle used to aid or facilitate transportation of contra-

band narcotic drugs is an *in rem* proceeding against the automobile itself and forfeiture will be declared if the libelant establishes probable cause for instituting suit, unless the claimant of the automobile proves his right thereto. *U. S. v. One 1972 Wood, 19-Foot Custom Boat,* 501 F.2d 1327, 1329 (5th Cir. 1974); *U. S. v. Fields,* 425 F.2d 883 (3rd Cir. 1970); *U. S. v. One 1952 Ford Victoria (Crestline Model),* 114 F.Supp. 458 (N.D.Cal.1952). Probable cause for the seizure of an auto because of its use in narcotics traffic is the test that will support the seizure and forfeiture of the vehicle. *U. S. v. Gramling,* 180 F.2d 498 (5th Cir. 1948), (Appeal from W.D.Texas), *Associates Inv. Co. v. U. S.,* 220 F.2d 885 (5th Cir. 1955), and *Hardin v. Aetna,* 384 F.2d 718 (5th Cir. 1967), *cert. denied* 391 U.S. 971, 88 S.Ct. 2047, 20 L.Ed.2d 886 (1968). Probable cause in a forfeiture proceeding is something more than mere suspicion and must be generally regarded as reasonable under all of the circumstances. *Bush v. U. S.,* 389 F.2d 485 (5th Cir. 1958); *U. S. v. One 1973 Volvo,* 377 F.Supp. 810, 811 (W.D.Texas, 1974).

Once probable cause for the seizure and libel has been shown by the government, the forfeiture is established prima facie and a claimant then has the burden of proof to show that the seizure and forfeiture are not within the statute. *U. S. v. One 1972 Wood, 19-Foot Custom Boat, supra. Bush v. U. S., supra,* at 489; *U. S. v. One 1973 Volvo, supra,* at 811.

Neither smallness of quantity of the narcotics involved, nor the innocence of the owner will justify remission of the forfeiture of a vehicle used in violation of the narcotics laws. *U. S. v. One 1957 Oldsmobile,* 256 F.2d 931, 932 (5th Cir. 1958). The Supreme Court has recently stated that "the innocence of the owner of property subject to forfeiture has almost uniformly been rejected as a defense." *Calero-Toledo v. Pearson Yacht Leasing Company,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), reh. den'd, 417 U.S. 977, 94 S.Ct. 3187, 41 L.Ed.2d 1148 (1974). Further, the Supreme Court has held that a forfeiture action is not necessarily barred by an ac-

quittal of criminal charges. *One Lot Emerald Cut Stones v. U. S.,* 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972). Thus, claimant's contentions of innocence and dismissal of criminal charges are no defense to the instant forfeiture action. Even assuming that innocence did constitute a defense to the instant action, the Court is of the opinion that the claimant's allegations of innocence would not withstand a jury's scrutiny.

## THE SEARCH AND SEIZURE ISSUE

Claimant further contends that the seizure was unlawful because no warrant was obtained. It is well settled that no warrant is required in the seizure of an automobile for purposes of forfeiture where, as is clearly the circumstance in the case at Bar, at the time of the seizure there existed probable cause to believe that the automobile contained or had been, or was being used to facilitate the transportation of contraband. See *O'Reilly v. United States* (8th Cir. 1973), 486 F.2d 208, cert. den'd., 414 U.S. 1043, 94 S.Ct. 546, 38 L.Ed.2d 334. See also *Sanders v. U. S.,* 201 F.2d 158 (5th Cir. 1953). There can, of course, be no question that the heroin involved in the case at Bar is contraband as defined by 21 U.S.C., Section 881.

Pursuant to the foregoing, it is hereby ORDERED, ADJUDGED AND DECREED that Judgment of Forfeiture should be, and the same is hereby, GRANTED in favor of the libelant, with costs charged to the claimant. This opinion shall constitute Findings of Fact and Conclusions of Law.