**UNITED STATES of America**

v.

**Benedetto ROMANO and Guiseppa Romano, Defendants.**

**No. 88 CR 202.**

United States District Court,
E.D. New York.

May 4, 1989.

Cheryl Pollak, Asst. U.S. Atty., and Andrew J. Maloney, U.S. Atty., for plaintiff.

Murray Appleman, New York City, for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Defendants move to suppress the fruits of a border search on the ground that the seizure violated their due process rights secured by the fifth amendment. For the reasons discussed below, the motion is denied.

### FACTS

Defendants, husband and wife, are charged in a six-count indictment with knowingly and willfully attempting to evade federal income taxes for the calendar years 1981, 1982 and 1983 in violation of 26 U.S.C. § 7201 (Counts 1–3); failing to file a federal income tax return for the calendar year 1983 in violation of 26 U.S.C. § 7203 (Count 4); and filing a fraudulent federal income tax return for the calendar years 1981 and 1982 in violation of 26 U.S.C. § 7206(1) (Counts 5 & 6).

The indictment on these charges followed an investigation that was triggered by a November 13, 1983 border search of the defendants' automobile. The facts surrounding the border search have been explored at length in connection with a related civil forfeiture proceeding pending in the United States District Court for the Western District of New York. *See United States v. $359,500 in United States Currency,* 645 F.Supp. 638 (W.D.N.Y.1986) (Curtin, C.J.), *remanded,* 828 F.2d 930 (2d Cir.1987). The Court reviews those facts, which are not disputed, only to the extent that they are relevant to the instant motion.

Defendants were travelling, via the Peace Bridge, from Buffalo to Ontario, Canada on November 13, 1980. Upon reaching the Canadian side of the bridge, defendant Benedetto Romano ("Romano") was questioned by a Canadian customs officer and later directed to proceed to a secondary inspection station where he consented to a search of his vehicle. The search revealed that Romano was carrying several thousand dollars in the trunk of his car. When questioned by the Canadian authorities, Romano admitted that he had

not declared the currency before leaving the United States. Defendants were refused entry into Canada and ordered back to the United States. The United States Customs authorities were immediately notified by the Canadian authorities that defendants were returning to the United States with a large quantity of cash.

Defendants were stopped and questioned upon arriving at the United States side of the bridge. Initially, Romano declared that he possessed $30,000–$35,000. Ultimately, however, he admitted that he was carrying in excess of $300,000. After Romano completed the various official reporting forms, and a records check revealed that these forms were not completed before defendants initially left the United States, the money was seized. An important additional fact, which was material in the ensuing forfeiture proceeding, was that there were no signs or notices posted on or near the Peace Bridge informing travellers, including defendants, that a currency reporting requirement existed.

After a trial on the merits, Judge Curtin denied the government's petition for forfeiture. An issue at the trial, which was decided in defendants' favor, was whether *knowledge* of the reporting requirements was necessary in a civil forfeiture proceeding pursuant to 31 U.S.C. §§ 5316, 5317. On appeal, the Second Circuit held that "the government need not prove in a civil forfeiture action under 31 U.S.C. § 5317(c) that the person who allegedly failed to comply with the reporting requirements of § 5316(a) either had actual knowledge of, or intended willfully to violate, that requirement." *$359,500 in United States Currency, supra*, 828 F.2d at 934. Such proof is necessary only in a criminal action charging failure to report pursuant to 31 U.S.C. § 5322. *Id.* at 933–34. The Second Circuit remanded, however, for a determination whether, under the circumstances of the case, the notice provided by the enactment of § 5316 alone is sufficient to satisfy due process.

On remand, the government noticed depositions of defendants. Defendants, however, pleaded their fifth amendment privilege to certain questions as a result of the indictment filed here. Judge Curtin then issued an order staying the civil forfeiture action pending disposition of the instant indictment.

Defendants now move to suppress the currency seized on the ground that the discovery and seizure of the currency violated their fifth amendment right to due process. They also seek to suppress evidence obtained during the subsequent tax investigation on the ground that such evidence is the fruit of the poisonous automobile search.

## DISCUSSION

There is no argument, nor could there be, that the search of defendants' automobile and the seizure of the currency violated their fourth amendment rights.

"Searches made at the border, pursuant to the long-standing right of the sovereign to protect itself by stopping and examining persons and property crossing into this country, are reasonable simply by virtue of the fact that they occur at the border."

*United States v. Charleus*, 871 F.2d 265, 267 (2d Cir.1989) (quoting *United States v. Ramsey*, 431 U.S. 606, 616, 97 S.Ct. 1972, 1978, 52 L.Ed.2d 617 (1977)).

Although immaterial for fourth amendment purposes, Judge Curtin specifically found that probable cause to search the automobile existed. *See $359,500 in United States Currency, supra*, 645 F.Supp. at 645. Even when evidence is seized in violation of § 5317(b), which, in 1983, required that a border search such as this one be conducted only upon probable cause, *see United States v. Benvenuto*, 836 F.2d 60, 68 (2d Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 2035, 100 L.Ed.2d 620 (1988), suppression of the fruits of the illegal search is not warranted. *See id.* at 69–70.

■ The issue raised by defendants here is whether the due process clause of the fifth amendment requires the suppression of the currency seized in the absence of any showing that the defendants knew that

they were required to report the currency upon leaving the United States. It is important to recall that defendants are not charged in this indictment with the crime of willfully and knowingly failing to report the transportation of currency in or out of the United States in violation of § 5322. Were that the case, then the government would have to prove that defendants acted with knowledge of the reporting requirement. *See $359,500 in United States Currency, supra*, 828 F.2d at 933. The absence of knowledge, however, is not grounds for pre-trial suppression of the currency. Rather, it is a defense to the charge at trial. Since the lack of knowledge is not grounds to suppress currency seized in a § 5322 prosecution, the Court is hard-pressed to discern a valid basis for suppression in this tax evasion case.

■ The due process clause of the fifth amendment may be invoked to suppress evidence, *see United States v. Penn*, 647 F.2d 876, 880 (9th Cir.), *cert. denied*, 449 U.S. 903, 101 S.Ct. 276, 66 L.Ed.2d 134 (1980), or dismiss an indictment, *see United States v. Yater*, 756 F.2d 1058, 1064 (5th Cir.), *cert. denied*, 474 U.S. 901, 106 S.Ct. 225, 88 L.Ed.2d 226 (1985), when government conduct is "so outrageous," *United States v. Russell*, 411 U.S. 423, 431, 93 S.Ct. 1637, 1642, 36 L.Ed.2d 366 (1973), that it "reache[s] the level of shocking the conscience." *United States v. Alexandro*, 675 F.2d 34, 40 (2d Cir.), *cert. denied*, 459 U.S. 835, 103 S.Ct. 78, 74 L.Ed.2d 75 (1982). This rule of law is invoked "only when the Government activity in question violated some protected right of the defendant." *Hampton v. United States*, 425 U.S. 484, 490, 96 S.Ct. 1646, 1650, 48 L.Ed.2d 113 (1976) (plurality opinion) (emphasis omitted).

■ As discussed above, the search and seizure did not violate defendants' fourth amendment rights, nor does the conduct on the part of the government remotely rise to a level that could be described as outrageous. That due process requires knowledge of the reporting requirements of § 5316 on the part of the claimant when the government seeks to forfeit the curren-

cy in a civil proceeding is of no consequence here. Even if defendants ultimately prevail in the civil forfeiture proceeding, the government is still entitled to use the evidence at trial and retain it until the criminal proceedings have concluded. *See Premises Known as 608 Taylor Avenue*, 584 F.2d 1297, 1302 (3rd Cir.1978). "For just as the suppression of evidence does not in itself necessarily entitle the aggrieved person to its return (as, for example, contraband), the introduction of 'mere evidence' does not in itself entitle the State to its retention." *Warden v. Hayden*, 387 U.S. 294, 307–08, 87 S.Ct. 1642, 1650, 18 L.Ed.2d 782 (1967).

### CONCLUSION

The Court concludes that neither the fourth amendment nor the due process clause of the fifth amendment warrants suppression of the currency or any other evidence obtained as a result its seizure. Accordingly, defendants' motion to dismiss is hereby denied.

SO ORDERED.