UNITED STATES of America,

v.

EIGHT AUTOMOBILES WITH FRAUDULENTLY OBTAINED OHIO AND NEW YORK STATE DIVISION OF MOTOR VEHICLE TITLES, Defendants.

No. M 04–0495.

United States District Court, E.D. New York.

Feb. 9, 2005.

Abram I. Bohrer, Bohrer & Lukeman, New York, NY, Jay W. Dankner, Dankner

& Milstein, P.C., New York, NY, For Plaintiff.

## MEMORANDUM AND ORDER

JAMES ORENSTEIN, United States Magistrate Judge.

Petitioners Halina Cielemecka and Jerzy Cielemecki, appearing *pro se*, have filed a motion pursuant to Rule 41 of the Federal Rules of Criminal Procedure seeking the return of their automobile, a 1999 Mercedes Benz ML320 bearing Vehicle Identification Number 4JGAB54E7XA122033 (the "car"). Docket Entry ("DE") 3. The government declines to return the car to the petitioners, claiming that it is needed for evidence in *United States v. Astra Motor Cars, Inc., et al.,* CR 04–0774(TCP) ("*Astra*"). DE 4. For the reasons set forth below, the petitioners' motion is denied without prejudice to renew at a later time, and with the explicit caution that should the motion be renewed, I will require the government to make a more complete factual record as to its continued need to retain the car, its expectation as to when that need will be satisfied, and the reason why it cannot satisfy those requirements without returning the car to the petitioners.

## I. *Background*

The petitioners' car was seized on April 15, 2004, pursuant to a warrant issued on April 6, 2004, by the Honorable Arlene Rosario Lindsay, United States Magistrate Judge. Judge Lindsay issued the warrant on the basis of an Affidavit by an agent of the FBI alleging, in short, that the car constituted evidence of a fraudulent scheme to improperly resell to unsuspecting consumers wrecked automobiles that had been rebuilt with stolen parts. That scheme is at the heart of the criminal case against Astra, a motor vehicle retailer in Brooklyn that is also licensed to dismantle vehicles, as well as against several individuals associated with Astra. *See Astra,* DE 72 ("Superseding Indictment"). The petitioners are not charged in *Astra.* To the contrary, in the absence of any allegation that the petitioners were complicit in the charged scheme, it appears that they are among its victims: as innocent purchasers of a vehicle that the government claims Astra sold with stolen parts and bogus documentation, they have almost certainly suffered pecuniary harm as the result of the alleged crime. *See* 42 U.S.C. § 10607(e) (defining "victim"); United States Department of Justice, *Attorney General Guidelines for Victim and Witness Assistance,* Art. I, § E.2 (Jan. 31, 2000) ("DOJ Victim Assistance Guidelines") (same).[1]

Petitioners, with the assistance of an attorney, repeatedly asked for the return of their car. DE 3. The government refused, stating that it "cannot" release the petitioners' car, that further requests to the prosecutor would be "an exercise in futility," and that the petitioners' only "recourse is to apply to a Federal District Judge for return of the vehicle." *Id.* Ex. L.[2] The government's attorney concluded somewhat brusquely by expressing the "hope [that] I have made it clear that continued conversations are unnecessary." *Id.; but see* 42 U.S.C. § 10607 (requiring

---

**1.** *See also* 18 U.S.C. § 3771(e) (defining "crime victim"). The latter statute, enacted on October 30, 2004, pursuant to Section 102(a) of the Justice For All Act of 2004, Pub.L. 108–405, was not in effect at the time of the events at issue in this motion, but was in effect at the time the motion was filed. As discussed below, the new statute affects both the government's obligations to crime victims and the petitioners' right to vindicate their interest in the return of the car through direct intervention in the criminal case.

**2.** Notwithstanding the latter assertion, it appears that the government does not contend that a magistrate judge lacks the authority to determine the instant motion.

prosecutors to "make their best efforts to see that victims of crime are accorded" a number of rights including "[t]he right to confer with [the] attorney for the Government in the case"); DOJ Victim Assistance Guidelines, Foreword (setting forth the Attorney General's "commitment that all components of the United States Department of Justice respond to crime victims with compassion, fairness, and respect, in accordance with the letter and spirit of the law").

Pursuant to the government's admonition that any further efforts to recover their property should be directed to the court, the petitioners filed the instant motion seeking the return of their car. The government opposes the motion:

> The subject vehicle is evidence of defendants Pescatore and Edmonston's involvement in the [scheme to defraud alleged in the criminal case]. The government has reason to believe that certain parts and repair receipts that purportedly show work performed on the subject vehicle do not match the parts actually installed or repairs actually made to it. The subject vehicle must be retained by the government in its present state to permit the government's expert to inspect of [sic] the repairs made and the parts installed and to preserve evidence in this criminal case.

DE 4 at 2. In a footnote, the government adds that the *Astra* defendants have also requested, as part of the discovery process, that their experts be permitted to examine the car. *Id.* The government has provided no information about when it anticipates its experts and the defendants' will complete their examinations. Moreover, I cannot glean from the pleadings in *Astra* how the car at issue in the instant motion may relate to the proceedings in the criminal case: it does not appear to be among the scores of individual vehicles

specifically identified in the pending indictment. *See Astra,* Superseding Indictment ¶¶ 44, 49, 53, 59, 61.

## II. *Discussion*

■ The Federal Rules of Criminal Procedure provide that "a person aggrieved ... by the deprivation of property may move for the property's return ...." Fed. R.Crim.P. 41(g). Notwithstanding that rule, the government may retain seized property for practical reasons. *Onwubiko v. United States,* 969 F.2d 1392, 1397 (2d Cir.1992), *overruled on other grounds by Polanco v. U.S. Drug Enforcement Admin.,* 158 F.3d 647, 651 (2d Cir.1998). Use of the seized property as evidence in criminal proceedings is one such practical reason. *Lovelace v. United States,* 2001 WL 984686, *3 (S.D.N.Y. Aug.27, 2001) (citing cases).

■ Nevertheless, "Governmental seizure of property should be a temporary deprivation of use and possession, not a permanent transfer of title in the thing seized.... In general the Government may not interfere with an owner's use and continued possession of property without affording the owner due process." *Mendez v. United States,* 2003 WL 21673616, *3 (S.D.N.Y. Jul.16, 2003) (citing *Fuentes v. Shevin,* 407 U.S. 67, 84–86, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972)). In *Mendez,* the court held that the government could not retain seized property indefinitely after the conclusion of the trial for which it was evidence. *Id.* Here, the issue is significantly different because the trial for which the government seeks to preserve the car's evidentiary value has not yet begun.

■ In determining the motion, I must balance the government's interest in preserving and examining potential evidence (an interest that comprehends the interest of the *Astra* defendants in making similar use of the car) against the petition-

ers' interest, as innocent bystanders, in regaining the use of their property. *See United States v. Premises Known as 608 Taylor Ave.*, 584 F.2d 1297, 1304 (3d Cir. 1978) (Hunter, J.). Under the circumstances, with the complex *Astra* case still in the discovery phase, I believe the government should be given a reasonable opportunity to vindicate its evidentiary interest.

■ I emphasize that the law requires a reasonable balance—not the extinction of the petitioners' interest in favor of the government's. As of the date of this order, the petitioners have been deprived of their property for approximately ten months. The government has had all of that time to inspect the petitioners' car, preserve evidence as appropriate through testing, photography, or other means (I assume that the district court would not receive the car itself in evidence at the *Astra* trial, even in the unlikely event that the government were to offer it), and make it available for similar use by the defendants' counsel. *See 608 Taylor Ave.*, 584 F.2d at 1303–04. Given the allegations in the pending *Astra* indictment, which specifically describes many vehicles but not the one seized from the petitioners, it is entirely possible that neither the government nor the *Astra* defendants will ever make any evidentiary use of the car.

As time goes on—and in light of the sparse factual record before me, I express no opinion as to how much time that may be—the reasonable balancing of interests may eventually tip in the petitioners' favor, even if the *Astra* trial has not begun. The passage of time, and the extent to which the government has sought to expedite the completion of the tasks it sees as necessary before relinquishing the petitioners' property, will affect my consideration of this motion if the petitioners renew it before me as part of the instant proceedings under Rule 41.

By virtue of a recent change in the law, these proceedings are not the only ones in which the dispute between the government and the petitioners may play itself out. The passage of time and the government's efforts (or lack thereof) to hasten the return of the petitioners' property may also have repercussions for the progress of the *Astra* prosecution. Pursuant to the Justice For All Act of 2004, crime victims now have an enforceable right, among others, "to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(7).[3] If the petitioners do indeed fall within the statute's definition of "crime victim," *id.* § 3771(e), and if the government continues to take the position, implicit in their response to the instant motion, that the petitioners must await the conclusion of the *Astra* trial to regain their car, then the petitioners will have standing, independent of the government's, to intervene in the case to contest any "unreasonable delay" of that trial. *Id.* § 3771(d)(1), (3). Such a motion would apparently take precedence over other proceedings in the case, as the district court would have an obligation to "take up and decide" it "forthwith." *Id.* § 3771(d)(3). Moreover, the petitioners would have the right, if disappointed with the district court's ruling, to "petition the court of appeals for a writ of mandamus." *Id.* The sooner the government acts to put itself in a position to return the petitioners' car consistent with its need to preserve evidence in *Astra*—and perhaps equally important, the more willing the government is to keep the petitioners apprised of its continuing efforts rather than simply referring them to the court for adversarial proceedings—the more likely it is that

---

**3.** In light of the government's letter to petitioners' counsel, DE 4 Ex. L, reference is also made to subsections (a)(5) and (a)(8) of the same section.

needless collateral litigation in the criminal case can be avoided.

Accordingly, on the record now before me, I deny the petitioners' motion pursuant to Rule 41. I do so without prejudice to their later renewal of the motion if, after reasonable additional time, the government still refuses to return their property. If such a renewed motion is made under Rule 41, I will require the government to present a detailed factual explanation of how the car relates to the charges in the pending indictment, what steps it has taken to inspect and preserve the car for evidentiary purposes, and when it anticipates completing any necessary tasks in that regard (including such tasks as the *Astra* defendants may legitimately need to complete for evidentiary purposes) so that the car can be returned to the petitioners without undue prejudice to the interests of any party to *Astra*.[4]

## III. *Conclusion*

For the reasons set forth above, the motion by petitioners Halina Cielemecka and Jerzy Cielemecki seeking the return their 1999 Mercedes Benz ML320 pursuant to Fed.R.Civ.P. 41 is DENIED without prejudice to later renewal.

**SO ORDERED.**

---

4. Any renewed motion pursuant to Rule 41 would be made in this case and should be directed to me. A new motion pursuant to 18 U.S.C. § 3771(d)(3) would properly be made in *Astra,* and as such would have to be made on notice to all parties in that case and directed to the presiding district judge.