**UNITED STATES of America,
Plaintiff-Appellant,**

**v.**

**ONE MOTOR YACHT NAMED MERCURY, Serial Number 237590,
Defendant-Appellee.**

**No. 75–1166.**

United States Court of Appeals,
First Circuit.

Oct. 30, 1975.

Lincoln C. Almond, U. S. Atty., and Everett C. Sammartino, Asst. U. S. Atty., on brief for plaintiff-appellant.

Ralph Arnoldy and Arnoldy & Portnoy, Boston, Mass., on brief for defendant-appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This appeal is from a district court order dismissing forfeiture proceedings against a yacht which was alleged to have unlawfully transported a quantity of marijuana into the United States. The vessel was seized by the Bureau of Narcotics and Dangerous Drugs on August 30, 1973, and declared subject to forfeiture under 21 U.S.C. § 881(a)(4).

Notice of the seizure was sent to the registered owner of the vessel. Thereupon, the nominal title holder filed the first of three petitions for remission or mitigation of the forfeiture with the Department of Justice. These petitions were by or on behalf of herself, the purported true owner, and two recorded mortgage holders. The first two petitions were denied on July 22, 1974. The third, a petition for reconsideration, was denied on August 3, 1974. The government filed the forfeiture action against the yacht on September 11, 1974, approximately twelve and one-half months from the date of seizure. The district court permitted the purported true owner, and the mortgage holders to intervene, and granted their motion to dismiss the action for undue delay in instituting court proceedings. The government appeals from the order granting appellees leave to intervene, and from the dismissal.

Our review of the merits in this case will be limited because of a procedural default. The record appendix filed by the appellant does not contain any portion of the transcript of the district court hearing. There is no indication that appellant complied with F.R.A.P. 10(b) which requires an appellant to notify appellees if less than the complete transcript had been ordered. There is no stipulation of the facts found below, and no agreed statement of the facts pursuant to F.R.A.P. 10(d), and local Rule 7.

For this violation of the rules, we are authorized to take any action we deem appropriate including dismissal of the appeal. F.R.A.P. 3; *In re Plankinton Bldg. Co.*, 133 F.2d 900 (7th Cir. 1943). We do not dismiss the appeal in this case, but proceed to such a review of the merits as the record allows. The burden is on the appellant to provide this court with an appendix sufficient to support its points on appeal. *Valley Stream Flooring Corp. v. Green Manor Constr. Co.*, 336 F.2d 6 (1st Cir. 1964). Without an adequate appendix, we are unable to review the determination of

the district court for the sufficiency of the evidence. *Chernak v. Radlo,* 331 F.2d 170, 171–72 (1st Cir. 1964). We therefore restrict the review to the district court's application of the relevant law.

Appellant challenges the admission of appellees as intervenors in the forfeiture proceeding on the grounds that they had no legally cognizable interest in the vessel. The transfer of the vessel to the nominal title holder and the mortgage of the vessel were, the government claims, for the purpose of committing fraud on the forfeiture. The attacks on the intervenors' interests include allegations of lack of consideration, an invalid transfer of corporate property, and misdated documents. While these claims, if true, might defeat intervenors' interests in the yacht, *see Bergren v. Davis,* 287 F.Supp. 52 (D.Conn.1968), they are essentially factual questions. We must assume that they were properly resolved against the appellant government.

The other point on appeal could have been substantial if it had been raised on a proper record. The district court ruled that the delay from August 30, 1973, to September 11, 1974, in the institution of forfeiture proceedings unduly deprived the intervenors of their property rights and constituted a violation of due process. The major portion of the delay in this case occurred in the administrative phase. The government claims that the length of the administrative period was justified because of the complexity of the case and the number of interested persons.

■ Forfeiture proceedings arising out of drug offenses are governed by the same statutory provisions as apply to customs forfeitures. 19 U.S.C. § 1595 *et seq.* Section 1602 imposes on the seizing officer a duty to report the seizure immediately to the appropriate administrative agency. Section 1603 directs the administrative officer to report the case to the United States Attorney for prosecution of the forfeiture. Section 1604 requires the United States Attorney "immediately to inquire into the facts, . . . and . . . forthwith to cause the proper proceedings to be commenced and prosecuted, without delay . . . ."

■ Although § 1603, unlike §§ 1602 and 1604, does not contain an immediacy requirement, the government cannot constitutionally delay reporting the case to the United States Attorney indefinitely. *Sarkisian v. United States,* 472 F.2d 468 (10th Cir. 1973). A reasonable expenditure of time for investigation and processing of petitions for remission of the forfeiture, however, may permissibly delay the initiation of proceedings in district court.* *See, id.; cf. United States v. One Wood, 19 Ft. Custom Boat,* 501 F.2d 1327, 1329 (5th Cir. 1974); *States Marine Lines, Inc. v. Shultz,* 498 F.2d 1146, 1155 (4th Cir. 1974). The delay excusable due to administrative proceedings, however, must be reasonably necessary for the determination of the claims in each particular case. *See States Marine Lines, Inc. v. Shultz, supra.* As such, the determination of the reasonableness of the delay is a finding of fact.

■ The district court found the twelve and one-half month delay in this case to be "inexcusable". We are bound by this finding. On a full record, however, we might have been persuaded that the number of interested parties or the number of petitions presented to the Department of Justice justified the length of the administrative review. But, on the record before us, we cannot say that the district court erred in characterizing the delay as an undue deprivation of the intervenors' property rights.

*The orders of the District Court are affirmed.*

---

* We do not decide in this case whether to adopt the view of the Central District of California that forfeiture proceedings may be initiated pending completion of administrative review.

*United States v. A Quantity of Gold Jewelry,* 379 F.Supp. 283 (C.D.Cal.1974); *United States v. One 1971 Opel G.T.,* 360 F.Supp. 638 (C.D. Cal.1973).