UNITED STATES of America, Plaintiff,

v.

$40,454 IN UNITED STATES CURRENCY, Defendant.

Civ. A. No. 79–267.

United States District Court,
W. D. Pennsylvania.

May 10, 1979.

**1042**

Jeffrey A. Manning, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

James K. O'Malley, Pittsburgh, Pa., for defendant.

## OPINION

ZIEGLER, District Judge.

### I. *History of Case*

This is a civil action instituted by the United States of America to condemn and forfeit $40,454 in United States currency alleged to have been used in furtherance of an illegal gambling business in violation of 18 U.S.C. § 1955.[1] Jurisdiction is based on 28 U.S.C. § 1355. Presently before the court is the motion for summary judgment of claimants, Anthony Joseph Martorella, Jean Martorella, and James K. O'Malley. For the reasons set forth herein, the motion will be denied.

On March 13, 1975, federal officers, acting pursuant to a search warrant, entered the premises at 1365 Great Oak Drive, Carnegie, Pennsylvania. During the search, the agents seized, among other items, $40,454 in United States currency.

On August 17, 1977, claimant, Anthony J. Martorella, was charged with the crimes of conducting an illegal gambling business in violation of 18 U.S.C. § 1955, and conspiracy to commit the substantive offense in violation of 18 U.S.C. § 371. Motions to suppress the evidence seized in the search were denied by this court on August 21, 1978. Martorella entered a plea of guilty to conducting an illegal gambling business and judgment of sentence was imposed on October 30, 1978. The instant civil action was filed on February 27, 1979.

■ Claimants responded with an answer denying that the currency was derived from gambling operations. They also asserted that $39,000 of the currency was assigned to claimant James K. O'Malley, Esquire, counsel for Martorella, on March 24, 1977. Claimants then filed a motion for summary judgment contending that the government's failure to initiate forfeiture proceedings until four years after seizure of the currency transgressed the provisions of 19 U.S.C.

---

1. 18 U.S.C. § 1955 (1976) provides, in part: Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined not more than $20,000 or imprisoned not more than five years, or both.

 .     .     .     .     .

Any property, including money, used in violation of the provisions of this section may be seized and forfeited to the United States. All provisions of law relating to the seizure, summary, and judicial forfeiture procedures, and condemnation of vessels, vehicles, merchandise, and baggage for violation of the customs laws; the disposition of such vessels, vehicles, merchandise, and baggage or the proceeds from such sale; the remission or mitigation of such forfeitures; and the compromise of claims and the award of compensation to informers in respect of such forfeitures shall apply to seizures and forfeitures incurred or alleged to have been incurred under the provisions of this section, insofar as applicable and not inconsistent with such provisions. Such duties as are imposed upon the collector of customs or any other person in respect to the seizure and forfeiture of vessels, vehicles, merchandise, and baggage under the customs laws shall be performed with respect to seizures and forfeitures of property used or intended for use in violation of this section by such officers, agents, or other persons as may be designated for that purpose by the Attorney General.

§ 1602, as well as their fifth amendment rights to due process.[2]

## II. *Discussion*

Claimants rely principally on *United States v. Premises Known as 608 Taylor Ave.,* 584 F.2d·1297 (3d Cir. 1978) (hereinafter *Margolis*) in support of their motion. In *Margolis,* agents of the Federal Bureau of Investigation seized $11,975 in United States currency on February 1, 1977, pursuant to a warrant pertaining to gambling contraband used in violation of 18 U.S.C. § 1955.

On April 20, 1977, Margolis filed a motion for return of the goods. No criminal proceedings of any kind had been commenced against Margolis, and no forfeiture proceedings had been instituted against the property. Margolis stipulated for purposes of the motion that the search warrant and seizure were valid, but argued that governmental retention of the property violated rights guaranteed by the Fifth Amendment.[3] The district court denied the motion predicated upon the government's retention of the seized property violated the Constitution only if the delay assumed "unreasonable proportions." *United States v. Premises Known as 608 Taylor Ave., supra* at 1300.[4]

The Court of Appeals for the Third Circuit, while agreeing with the rule adopted by the district court, remanded the case for consideration of the question of whether the retention was reasonably related to the government's interests in the property. 584 F.2d at 1299.

The Court reasoned that, since no proceedings of any kind had been instituted against Margolis, he was similar to "an innocent bystander whose property has been seized for possible use as evidence in a criminal investigation." *Id.* at 1301. The Court rejected the government's contention that it may always retain seized property until the end of subsequent grand jury or trial proceedings, or until the statute of limitations on the suspected crime had elapsed. The Court stated:

> In some instances a reasonable delay in bringing a prosecution may well be the same as the period of the statute of limitations. We do not believe, however, that this will always be the case. We therefore hold that the district court under its powers to supervise the law enforcement officials and the United States Attorney within its jurisdiction may require the return of property held solely as evidence if the government has unreasonably delayed in bringing a prosecution.

584 F.2d 1297, 1302.

In the instant case, claimants implore this court to grant summary judgment in this forfeiture proceeding, and order return of the currency. They contend that the government's retention of the currency for 29 months prior to indictment and four years before institution of these proceedings violates the proscriptions of *Margolis.* We disagree.

A careful reading of *Margolis* indicates that the holding of the Court of Appeals

---

**2.** Section 1955(d), relating to gambling-related forfeitures, incorporates the procedures pertaining to the forfeiture of property for violations of the customs laws. 19 U.S.C. § 1602, *et seq.* Those sections require that a forfeiture proceeding be promptly instituted. *Id.* §§ 1602–1604; *United States v. One 1970 Ford Pickup,* 564 F.2d 864 (9th Cir. 1977). In addition, due process requires that forfeiture proceedings against seized property be brought without unreasonable delay. *United States v. One Motor Yacht Named Mercury,* 527 F.2d 1112, 1114 (1st Cir. 1975).

**3.** Under Rule 41(e) of the Federal Rules of Criminal Procedure, a district court may order the return of illegally seized evidence held by the government. The rule only applies to prop-

erty which has been "illegally seized." 584 F.2d 1297, 1305 (concurring opinion).

**4.** The Court of Appeals held that the district court's jurisdiction to entertain such a motion is founded on the inherent supervisory power of a district court over the United States Attorney's office and other law enforcement officials within the district. *Id.* at 1299–1300, n.3. In his concurring opinion, Judge Rosenn argued that the court should not rely on undefined "supervisory powers" in formulating standards concerning the retention of seized property under a valid warrant, but rather it should decide whether the retention violated due process. *Id.* at 1305–1306 (concurring opinion.)

was restricted to "whether limitations might be placed on the government's retention of property *prior* to the institution of proceedings." *Id.* at 1302. (*emphasis added*). Here criminal proceedings were instituted against claimant, Anthony J. Martorella. Inasmuch as the matter comes before this court after institution and termination of such proceedings, the holding is inapposite.

Our analysis does not terminate with this conclusion, however. *Margolis* mandates that we consider whether "the government's retention is unreasonable considering all circumstances." 584 F.2d 1297, 1304. Such an assessment involves an examination of the reasons for the government's continued retention of the property. As the Court of Appeals emphasized, a district court may find governmental interests in seized property in addition to its evidentiary value. The Court explicated:

> Although the government has not strongly pressed this point on appeal, the possibility of forfeiture of the currency suggests itself. If the property is being held subject to possible forfeiture, retention might be permitted even if no evidentiary justification is found. . . . If this valid purpose is shown to the district court, the court must look to the laws relating to the commencement of forfeiture actions to determine whether the holding of the property without commencing proceedings is reasonable.

*Id.* at 1304.

Inasmuch as the instant question comes before us after termination of criminal proceedings, we must look to the case law relating to the government's retention of property after the conclusion of such proceedings in assessing claimants' motion. In this regard, the *Margolis* court stated:

> [P]roperty used as evidence must be returned once the criminal proceedings to which it relates have terminated, *unless it is then subject to forfeiture or other proceedings which shall be timely brought.*

584 F.2d at 1302. (*emphasis added*); *see also, United States v. LaFatch,* 565 F.2d 81 (6th Cir. 1977); *United States v. Wilson,* 176 U.S.App.D.C. 321, 540 F.2d 1100 (1976).

 In the complaint at bar, the government alleges that the currency was used in violation of the gambling laws and thus subject to forfeiture under 18 U.S.C. § 1955(d). Such an allegation is sufficient to prevail over claimants' motion for summary judgment unless the institution of these proceedings was untimely. The complaint was filed within four months of the termination of criminal proceedings against Anthony J. Martorella. In our judgment, the action is "timely brought."

In sum, we hold that, if the government's allegation of contraband is accurate, forfeiture is warranted under 18 U.S.C. § 1955(d). *See, Tom v. Twomey,* 430 F.Supp. 160 (N.D. Ill.1977). Claimants' motion for summary judgment must be denied.