**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**FORTY–SEVEN THOUSAND NINE HUNDRED EIGHTY DOLLARS ($47,-980.00) IN CANADIAN CURRENCY, Defendant-Appellee.**

No. CA 81–3415.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 1982.

Decided Oct. 6, 1982.

David B. Smith, Washington, D. C., for plaintiff-appellant.

Scott W. Reed, Coeur d'Alene, Idaho, for defendant-appellee.

Before FARRIS and CANBY, Circuit Judges and CURTIS,* District Judge.

---

* The Honorable Jesse W. Curtis, United States District Judge, for the Central District of Cali-

CANBY, Circuit Judge:

On April 2, 1980, the government instituted this in rem action seeking forfeiture, under the provisions of 31 U.S.C. §§ 1101 and 1102, of $47,980 in Canadian currency seized by Customs. The Government appeals from the district court's order granting summary judgment to claimant, BSP Investment & Development, Ltd. (BSP), and ordering the government to return the currency. The district court decided, *inter alia,* that the 14-month post-seizure delay in the institution of these forfeiture proceedings was unjustified and that the delay denied claimant its fifth amendment right to a prompt post-seizure judicial hearing. We affirm.

Customs summarily seized the currency on February 22, 1979, from William A. Stark and Robert J. Pasco, two officers of claimant. Stark and Pasco had allegedly failed to declare the currency during an attempted entry into the United States from Canada. On February 23, Customs sent Stark a form entitled "Notice of Seizure and Information for Claimants" giving him three alternatives. If Stark did nothing, the matter would be referred to the United States Attorney within 60 days. If he did not file a petition for relief, he could expressly request that the matter be referred immediately. His third choice was to file a petition for administrative relief. The form expressly provided, however, that if he chose to file for administrative relief he would be "requesting the Customs Service *not* to refer the matter to the United States Attorney for the institution of judicial forfeiture proceedings while the administrative petition was pending."

On April 20, 1979, BSP began its attempts to regain possession of the currency, filing a petition for administrative relief with the District Director of Customs. Ten days later, Customs advised BSP that no administrative action could be considered until the United States Attorney determined whether to file criminal charges be-

fornia, sitting by designation.

cause the money would be used as evidence in a criminal trial. The criminal investigation continued until August 13, 1979, six months after seizure, when the Customs office advised BSP's attorney that criminal prosecution had been declined and that administrative review would begin. Meanwhile on July 12, a Customs District Director urged his superiors to deny the petition for administrative relief and to initiate forfeiture proceedings, but Customs did not act at that time. On November 14, an attorney for Stark and Pasco wrote to express his concern that although criminal prosecution had been declined three months earlier, the money had not yet been returned. On December 11, almost ten months after Customs had seized the currency and four months after criminal prosecution had been declined, Customs decided to deny remission of the forfeiture. Customs referred the matter to the United States Attorney on December 17, 1979.

Four more months passed. Finally, on April 2, 1980, the United States Attorney filed this in rem forfeiture action. The action was brought almost 14 months after seizure of the money, eight months after criminal prosecution had been declined, and four months after Customs had referred the matter to the Attorney General for institution of civil forfeiture proceedings. On August 20, 1980, claimant filed an answer and moved to dismiss the action on the grounds of delay in the institution of the proceedings. The motion was denied, but claimant's subsequent motion for summary judgment was granted on June 23, 1981.

■ Forfeiture actions must be brought promptly, since Customs seizures infringe on the owner's right to possess and enjoy property. *United States v. Eight Thousand Eight Hundred Fifty Dollars,* 645 F.2d 836 (9th Cir. 1981), *cert. granted,* 455 U.S. 1015, 102 S.Ct. 1708, 72 L.Ed.2d 132 (1982); *United States v. 295 Ivory Carvings,* 689 F.2d 850 (9th Cir. 1982), *Ivers v. United States,* 581 F.2d 1362, 1368 (9th Cir. 1978). Congress has recognized this concern in the provisions of 19 U.S.C. §§ 1602–1604 by requiring prompt action subsequent to seizure.

■ The government's 14-month delay in the institution of this forfeiture action was both unreasonable and unjustified. The record does not support the government's contention that claimant concurred in this delay. The government acknowledges that the pendency of an administrative relief petition would not ordinarily justify a 14-month delay. *See 295 Ivory Carvings, supra; Eight Thousand, supra; Ivers, supra.* The government argues that because the claimant in this case filed the administrative relief petition after having been notified that the petition would be treated as a request for a delay, the claimant concurred in the delay necessary for resolution of the administrative claim. *See Ivers, supra.* We need not decide this question, because even if BSP had initially concurred in a delay, that concurrence was not for an indefinite period of time. Due process requires the government to act promptly in ruling on petitions for remission or mitigation, *cf. Von Neumann v. United States,* 660 F.2d 1319, 1326 (9th Cir. 1981) (holding that promptness is required in ruling on petitions brought under 19 U.S.C. § 1618), and the government has not demonstrated that the administrative relief procedure should have taken ten months. After six months were spent investigating the possibility of bringing criminal charges, four more months elapsed before administrative relief was denied and the matter was referred to the United States Attorney. This delay violated 19 U.S.C. § 1603. Finally, four *more* months passed before the civil forfeiture proceeding was instituted, violating 19 U.S.C. § 1604. In summary, it took the government 14 months after seizure and eight months after criminal charges were declined to decide to prove its right to retain claimant's property. This delay was unreasonable and unjustified, and the record does not support the government's contention that claimant concurred.

■ Nor do we accept the argument that the claimant's delay in answering the government's complaint establishes its concurrence in the delay in initiating the ac-

tion. Claimant evidently encountered difficulty in finding United States counsel, understanding United States forfeiture law, and overcoming practical difficulties involved in Stark and Pasco's participating in litigation in Idaho after having been refused admission to the United States. Under these circumstances, claimant's difficulties in responding to a forfeiture action cannot be interpreted as concurrence in the 14-month delay in initiating those proceedings.

The government's argument that claimant must show prejudice as an element of its due process claim is rejected for reasons fully set forth in our opinion in *United States v. 295 Ivory Carvings, supra,* decided this same day. That opinion also sufficiently disposes of the government's contention that dismissal is an inappropriate sanction for violation of claimant's constitutional right to a prompt post-seizure hearing.

Our disposition of this case makes it unnecessary for us to reach the other grounds offered by the district court in support of its decision, and we express no opinion on them.

AFFIRMED.