**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**THIRTEEN (13) MACHINE GUNS AND ONE (1) SILENCER, and J. Curtis Earl, Real party in interest, Defendants-Appellants.**

No. CA 81–5923.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 1982.

Decided Oct. 6, 1982.

Murray Miller, Phoenix, Ariz., for defendants-appellants.

David B. Smith, Washington, D. C., for plaintiff-appellee.

Before FARRIS and CANBY, Circuit Judges, and CURTIS *, District Judge.

CANBY, Circuit Judge:

On March 19, 1979, the government filed this in rem action, seeking the forfeiture of thirteen machine guns and one silencer it had seized in June 1977. The firearms allegedly had been involved in multiple violations of federal gun control and revenue laws. 26 U.S.C. § 5861(a), (b), (e), 18 U.S.C. §§ 922(a)(1), (3), (6), & 924(a). Appellant Earl, the owner of the firearms, filed a claim for them. On cross-motions for summary judgment the district court found no genuine issue of material fact and held that the firearms had been involved in the statutory violations, that any delay by the government in instituting civil forfeiture against the firearms was "not constitutionally impermissible," and that the government was entitled to forfeiture proceedings pursuant to 26 U.S.C. § 5872(a) and 18 U.S.C. § 924(a). Earl appeals asserting, *inter alia,* that the government's 21-month delay in instituting the in rem forfeiture action violated his due process right to a prompt post-seizure hearing. We hold that this delay was unjustified and unreasonable; accordingly, we reverse.

Earl is a licensed Class III firearms dealer, authorized to buy and sell automatic weapons subject to the approval of the Bureau of Alcohol, Tobacco and Firearms (ATF). In early June 1977, following inves-

---

* The Honorable Jesse W. Curtis, United States District Judge for the Central District of California, sitting by designation.

tigation into Earl's purchase of machine guns from Donald Lane, the Chief of the Kearny, Arizona police department, ATF agents acting under search warrants seized a number of firearms from Earl's business, including the subjects of this forfeiture action. On August 10, 1977, the ATF referred the matter to the United States Attorney's office for institution of a forfeiture action against the guns. On September 7, 1977, however, an assistant Attorney General informed ATF that forfeiture proceedings would be delayed pending criminal proceedings against Earl and Lane, and that he expected an indictment in the near future. Sixteen months later, in December 1978, the government presented evidence to a grand jury. The grand jury returned no bill against appellant Earl, but indicted Lane on two counts of illegal possession of firearms in violation of 26 U.S.C. § 5861(d). In early February 1979 Lane was acquitted on both charges. Following Lane's acquittal, on March 19, 1978, the Government instituted this civil forfeiture action against the firearms it had seized 21 months before.

■ It is settled law that if a civil forfeiture is to succeed, it must be instituted with reasonable promptness after seizure of the property. *United States v. 295 Carvings,* 689 F.2d 850 (9th Cir. 1982); *United States v. Eight Thousand Eight Hundred Fifty Dollars ($8,850.00) in United States Currency,* 645 F.2d 836, 838–39 (9th Cir. 1981), *cert. granted,* 455 U.S. 1015, 102 S.Ct. 1708, 72 L.Ed.2d 132 (1982); *Ivers v. United States,* 581 F.2d 1362, 1368 (9th Cir. 1978); *United States v. One 1970 Ford Pickup Truck,* 564 F.2d 864, 866 (9th Cir. 1977). Delay in the institution of forfeiture proceedings must be justified. *Eight Thousand,* 645 F.2d at 838. In the absence of such justification, an extended delay violates due process. *Id.*

■ The government attempts to justify this delay by attributing it to Earl. In *Ivers* we recognized that delay requested by or concurred in by the claimant could not constitute the basis for a due process violation. " '[N]o seizure or forfeiture will be invalidated for delay ... where the claim-

ant is responsible for extending either administrative action or judicial determination beyond the allowable time limits.' " *Ivers,* 581 F.2d at 1372, *quoting United States v. Thirty-Seven Photographs,* 402 U.S. 363, 374, 91 S.Ct. 1400, 1407, 28 L.Ed.2d 822 (1971); *see United States v. 2,200 Paper Back Books,* 565 F.2d 566, 572–73 (9th Cir. 1977). In establishing whether the claimant has concurred in the delay of the post-seizure hearing, the government must show affirmative proof that the claimant requested the delay or was responsible for it. Mere silence on the part of the claimant is not enough. Absent an express request or conduct clearly demonstrating that the claimant agreed to delay of the forfeiture proceedings, his due process claim to a prompt hearing remains valid. In *Ivers* the claimant had expressly requested that no judicial forfeiture proceedings be commenced during the time he was preparing an administrative petition for relief. *Ivers,* 581 F.2d at 1372. In the present case, the government has not alleged that Earl has ever requested delay in the institution of the forfeiture proceedings. We find no other indication that he concurred in it.

■ The government contends that its delay in instituting the forfeiture action was justified by the pendency of a collateral criminal investigation arising out of the same events that underlie this civil forfeiture action. Earl concedes that the government may postpone the institution of a forfeiture action for a reasonable time necessary to complete investigation, but urges that the delay in this case was unjustified because the investigation was completed long before the forfeiture complaint was filed. It is undisputed that the criminal investigation had been completed before December 1977. No further investigation was conducted during 1978. The government's unsuccessful attempt to indict Earl was not made until December 1978, 18 months after Earl's property had been seized, and at least 12 months after the investigation had been completed. Under these circumstances, we cannot attribute the unreasonable delay in institution of for-

feiture proceedings to the criminal investigation.

▮ We are also unwilling to accept the government's argument that the pendency of a collateral criminal case necessarily requires delay in the initial institution of the forfeiture proceeding. Criminal proceedings do not suspend a property owner's right to a prompt post-seizure hearing. *Cf. United States v. Spilotro,* 680 F.2d 612, 617 (9th Cir. 1982) (due process requires a prompt hearing once an order has been entered that restrains a defendant from disposing of his property during the pendency of a criminal proceeding). Whatever ill effects a particular civil proceeding might have on a related criminal investigation or prosecution can be evaluated in a promptly filed action as readily as they can be later. If either the claimant or the government were concerned with the collateral ramifications of the civil action, either party could voice those objections and propose solutions to the district court. *Cf. United States v. U. S. Currency,* 626 F.2d 11, 15 (6th Cir.) (courts must seek to accommodate the defendant's right against self-incrimination in a civil forfeiture proceeding), *cert. denied, Gregory v. U. S.,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 290 (1980). Here, the government has not demonstrated that any specific governmental interest would necessarily have been impaired by the prompt institution of this forfeiture action. Its conclusory allegations that a forfeiture action would have jeopardized its

criminal prosecution are clearly not sufficient to justify depriving Earl of his property for 21 months without a hearing. Moreover, we seriously doubt that a complete, indefinite stay of a civil forfeiture action to wait for the United States Attorney to decide whether to seek an indictment would ever be necessary or appropriate.

▮ The government also challenges the claimant's right to possess the firearms, regardless of the outcome of the forfeiture action, asserting that since they were held for potential use as evidence in a possible criminal prosecution, Earl had no right to possess them. We question whether the government would be entitled to keep the property if it failed to meet its burden of proof in the civil forfeiture action.[1] We need not decide, however, what particular possessory interests the parties might have asserted or how a court might have addressed those concerns. The government must bring the forfeiture action promptly and present its argument at that time. A district court is the proper tribunal for considering the necessity of a stay. The government's unilateral decision to postpone the institution of forfeiture proceedings violates the due process requirement that a post-seizure hearing must be reasonably prompt.[2]

The government's other arguments that dismissal is an "inappropriate remedy" and that the claimant must show economic prejudice have been rejected in *United States v. 295 Ivory Carvings,* 689 F.2d 850[3], a case

---

1. We note that the district court would have supervisory power to require the return of property, even though it was being held solely as evidence. *United States v. Premises Known as 608 Taylor Ave.,* 584 F.2d 1297, 1304 (3d Cir. 1978).

2. *But cf. United States v. One 1976 Mercedes 450 SLC,* 667 F.2d 1171, 1176 (5th Cir. 1982) (delay in instituting forfeiture action pending resolution of claimant's criminal trial was justified where "the government avoided the prejudice [to claimant of raising] inconsistent defenses.")

3. The government argues that there remains a genuine issue of material fact as to whether the government "was responsible for most of the delay in bringing the criminal case to trial." It

relies on a one sentence statement made by Regional Counsel for ATF, in his affidavit, that "the majority of any delay in the completion of the criminal action was due to voluntary actions on the part of J. Curtis Earl, Donald Lane, and their attorneys." The government also attributed the delay to "unanticipated delays and increased workloads." Earl never specifically contravened the Regional Counsel's statement in the summary judgment proceedings, but he contends that it does not raise a genuine issue of fact that he might have been responsible for the government's delay in seeking the grand jury indictment. We need not resolve that controversy, because there has been no showing why the civil forfeiture action had to be delayed more than a year after termination of the criminal investigation. Delay in seeking indictment, by whomever caused, has not been

decided at the same time as this one. The government has lost its right to obtain title regardless of the merits its action might have once had.

REVERSED.

shown to justify the delay in the institution of     forfeiture proceedings.