UNITED STATES of America,
Plaintiff-Appellee,

v.

THIRTEEN (13) MACHINE GUNS AND ONE (1) SILENCER, and J. Curtis Earl, Real party in interest, Defendants-Appellants.

No. CA 81–5923.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 1982.

Originally Decided Oct. 6, 1982.

Decided Feb. 22, 1984.

Paul A. Katz, Asst. U.S. Atty., Phoenix, Ariz., David B. Smith, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Murray Miller, Phoenix, Ariz., for defendants-appellants.

Before FARRIS and CANBY, Circuit Judges, and CURTIS,* District Judge.

CANBY, Circuit Judge:

Our previous decision in this civil forfeiture action is reported at 689 F.2d 861 (9th Cir.1982), where the facts are fully set forth. There we reversed a summary judgment in favor of the government on the ground that the government's delay in insti-

---

* The Honorable Jesse W. Curtis, United States District Judge for the Central District of California, sitting by designation.

tuting judicial forfeiture proceedings violated due process. We relied substantially on the authority of *United States v. Eight Thousand Eight Hundred Fifty Dollars,* 645 F.2d 836 (9th Cir.1981) ("*$8,850*"). Because the Supreme Court had granted certiorari in *$8,850,* we extended the time for the government to petition for rehearing of this appeal until the Supreme Court had decided *$8,850.*

On May 23, 1983, the Supreme Court entered its decision in *$8,850.* —— U.S. ——, 103 S.Ct. 2005, 76 L.Ed.2d 143. The government subsequently filed its petition for rehearing and claimant Earl filed a response to that petition. In light of the Supreme Court's decision in *$8,850,* we now grant the petition for rehearing, withdraw our previous decision, vacate the summary judgment of the district court, and remand for further proceedings.

In *$8,850,* the Supreme Court held that *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), supplied the appropriate test for determining whether delay in initiating judicial forfeiture proceedings violated due process. 103 S.Ct. at 2012. *Barker* requires a weighing of four factors: the length of delay, the reason for the delay, the claimant's assertion of his right, and prejudice to the claimant. *Id.* Applying these factors in *$8,850,* the Supreme Court held that an 18-month delay, "quite significant" in itself, did not violate due process. *Id.* The Court found to be weighty two reasons for delay: the initiation and determination of a petition for administrative remission, and the subsequent pendency of criminal proceedings. The Court was impressed with the district court's assessment that the government had proceeded with "all due speed." *Id.* 103 S.Ct. at 2014. The Court also relied on the fact that the claimant had never requested the institution of judicial proceedings, although she had requested a speedy determination of her petition for administrative remission. Finally, the Court noted that there was no showing of prejudice to the claimant in that she had not shown that "the delay affected her ability to defend the

propriety of the forfeiture on the merits." *Id.*

In the present case the delay in instituting judicial forfeiture proceedings was approximately 21 months. The government contends, as it did originally, that this delay was justified by the pendency of criminal proceedings. The district court apparently agreed, because it held that the delay was "not constitutionally impermissible." We originally reversed, because we were of the view that the pendency of criminal proceedings was not a sufficient justification for such a delay, even though the claimant had never requested a prompt judicial determination. 689 F.2d at 864. The subsequent Supreme Court decision in *$8,850* clearly rejects such reasoning and requires that we withdraw our decision reversing the district court.

On this record we cannot, however, simply affirm the judgment of the district court. The Supreme Court in *$8,850* held that the pendency of a criminal proceeding was certainly a factor to be weighed in assessing the permissibility of delay, but it also held that "the pendency of a trial does not automatically toll the time for instituting a forfeiture proceeding." 103 S.Ct. at 2013–14. It is clear that the delay, along with other factors in the *Barker v. Wingo* analysis, are initially to be weighed by the district court.

In this case the district court undertook no *Barker v. Wingo* analysis for the very good reason that the law of this circuit did not require it and the Supreme Court had not yet decided *$8,850.* It is now clear, however, that the *Barker* analysis is the governing test. The record on summary judgment, developed as it was without reference to the *Barker v. Wingo* test, does not permit us to apply that test in the first instance, nor do we think that it would be appropriate to do so. The weighing is initially a matter for the district court, upon such record as it deems appropriate, with the result to be set forth in a manner to permit subsequent review. We therefore vacate the judgment of the district court

and remand for further proceedings in light of *$8,850.*

REHEARING GRANTED; PRIOR DECISION WITHDRAWN; JUDGMENT OF THE DISTRICT COURT VACATED; CASE REMANDED.