**UNITED STATES of America, Plaintiff,**

v.

**ONE HUNDRED AND FIFTY-TWO THOUSAND DOLLARS ($152,000.00) IN UNITED STATES CURRENCY, Defendant,**

**Kenneth W. Capen, Claimant.**

**Civ. No. 83–979 GG.**

United States District Court,
D. Puerto Rico.

Aug. 13, 1984.

E.M. De Jesús, Asst. U.S. Atty., San Juan, P.R., for plaintiff.

Gerald H. Goldstein, Goldstein, Goldstein & Hilley, San Antonio, Tex., Gerardo A. Carlo, Walter H. Muñiz, Carlo & Dubos, San Juan, P.R., for defendant.

## OPINION AND ORDER

GIERBOLINI, District Judge.

This is an action *in rem* to enforce the forfeiture of defendant currency pursuant to 31 U.S.C. § 5316 as amended. The jurisdiction of this court is invoked under 28 U.S.C. §§ 1345 and 1355. Kenneth Wayne Capen (claimant) filed a claim for the defendant property, and answered plaintiff's complaint. Plaintiff has filed a motion for summary judgment and claimant has opposed it. Plaintiff has also subsequently filed a reply to claimant's opposition.

The pertinent facts of this case are as follows. On September 14, 1982 claimant arrived at the Juliana International Airport, Saint Maarten N.A. coming from San Juan, Puerto Rico, together with Jeffrey Clothier and the pilot of their aircraft, David Michael Owen. After a routine search of the luggage conducted by the Netherland Antilles authorities, the defendant currency was found. Claimant admitted he knew that according to law he had to report all currency in excess of $5,000 he may have had in his possession, but nonetheless, chose to export the money secretly from the United States. Claimant was thereupon arrested and charged with fail-

ure to report the transportation of the currency. The currency was seized by the United States Customs Service pending institution of forfeiture proceedings.

Claimant was subsequently indicted by a Federal Grand Jury for violating 31 U.S.C. § 5316 as amended, and on February 16, 1983 entered a plea of guilty to said charge before U.S. District Judge Jaime Pieras, Jr. Thereafter, on April 25, 1983, plaintiff filed the instant complaint for forfeiture *in rem*.

Plaintiff alleges in essence that claimant having pleaded guilty to the offense charged, is now estopped from denying any factual issues that were necessarily litigated and adjudicated to support his criminal conviction. Hence, summary judgment for the forfeiture of the currency is warranted. On the other hand, claimant contends that the doctrine of collateral estoppel is inapplicable herein, and that the motion for summary judgment should be denied for there remain several factual issues for the court's determination.[1]

■ Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." When confronted with a motion for summary judgment a district court "must look at the record in the light most favorable to the party opposing the motion and must indulge all inferences favorable to that party." *Stepanischen v. Merchants Despatch Transportation Corporation,* 722 F.2d 922 (1st Cir.1983); *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). Where the movant has alleged undisputed facts entitling him to summary judgment as a

---

1. The approach urged by the government has been utilized in *Brazzell v. Adams,* 493 F.2d 489 (5th Cir.1974) and *Ivers v. U.S.,* 581 F.2d 1362 (9th Cir.1978). However, considerable doubt has been shed upon the proposition that a prior guilty plea may collaterally estop a subsequent

civil action by the Supreme Court's decision in *Haring v. Prosise,* 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983). Nevertheless, we need not decide the issue for claimant does not deny his knowledge of the reporting requirement and his intentional violation of his duty to report.

matter of law, the burden shifts to the opposing party to show summary judgment is inappropriate. *Stepanischen,* 722 F.2d at 929; *Nicholas Acoustics & Specialty Co. v. H. & M. Construction Co.,* 695 F.2d 839, 844 (5th Cir.1983).

Currency in excess of $5,000 transported from the United States without the filing of the reports required by 31 U.S.C. § 5316 as amended, is subject to seizure and forfeiture to the United States. 31 U.S.C. § 5317. Claimant's admissions on file at the change of plea and sentence hearing held on February 16, 1983 before Judge Pieras conclusively established his knowledge of the reporting requirement and his intentional violation of the duty to report. More importantly, claimant does not dispute the above mentioned facts. Therefore, even when looking at the record in the light most favorable to defendant, there is no genuine issue as to any material fact in controversy and summary judgment is warranted.

Claimant contends that the filing of the complaint for forfeiture *in rem* seven months after the seizure of the currency constituted an unreasonable delay in violation of 21 U.S.C. § 881(b) and of the Due Process Clause of the Constitution. Claimant further avers that the determination of the reasonableness of the delay is a finding of fact which precludes summary judgment.

We turn first to claimant's latter contention. Claimant argues in effect that as a finding of fact the determination of the reasonableness of the delay has to be decided by the jury and not by the judge. He cites *U.S. v. One Motor Yacht Named Mercury,* 527 F.2d 1112 (1st Cir.1975) in support of his contention. In that case, the court held that a delay in commencing forfeiture proceedings, excusable due to administrative proceedings, must be reasonably necessary for determination of the claims in each particular case. In dictum the court added that "[a]s such, the determination of the reasonableness of the delay [was] a finding of fact." *Id.* at 1114. The court, however, did not rule that all deter-minations of reasonableness were findings of fact which necessarily require submission to the jury. More importantly, in that case the First Circuit affirmed the district court's order that twelve and one-half months delay constituted an undue deprivation of property without even mentioning that such a determination should have been submitted to the jury. Claimant's reliance on *One Motor Yacht Named Mercury,* thus, instead of supporting his assertion merely weakens it.

■ We conclude, thus, that allegations of reasonable delay do not constitute the kind of genuine issue as to a material fact which preclude summary judgment. *Ivers v. U.S.,* 581 F.2d 1362, 1367 (9th Cir.1978). We are empowered to rule on the reasonableness issue without submitting it to the jury. *See U.S. v. Eight Thousand Eight Hundred and Fifty Dollars,* 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983) (eighteen month delay in commencing forfeiture proceedings held not to be a due process violation); *U.S. v. $23,407.69 in U.S. Currency,* 715 F.2d 162, *reh'g. denied,* 720 F.2d 1291 (5th Cir.1983) (decided after *Eight Thousand Eight Hundred and Fifty Dollars* and holding as a matter of law that under the facts of the case a thirteen month delay was unreasonable). *See also U.S. v. One 56-Foot Yacht Named Tahuna,* 702 F.2d 1276 (9th Cir.1983); *U.S. v. Thirteen Machine Guns and One Silencer,* 689 F.2d 861 (9th Cir.1982), *withdrawn,* 726 F.2d 535 (9th Cir.1984); *U.S. v. 47,980.-00 in Canadian Currency,* 689 F.2d 858 (9th Cir.1982), *withdrawn,* 726 F.2d 532 (9th Cir.1984); *U.S. v. One 1976 Mercedes 450 SLC,* 667 F.2d 1171 (5th Cir.1982); *U.S. v. 31,697.59 Cash,* 665 F.2d 903 (9th Cir. 1982).

■ When confronted with the issue of whether the government's delay in commencing a forfeiture action violates a claimant's due process right to a hearing at a meaningful time, courts are required to apply the balancing test enunciated in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *U.S. v. Eight Thousand Eight Hundred and Fifty Dol-*

*lars,* 461 U.S. at 565, 103 S.Ct. at 2012 (1983). The *Barker* test involves a weighing of four factors: length of delay, the reason for the delay, the defendant's assertion of his right and prejudice to the defendant. *Barker,* 407 U.S. at 530, 92 S.Ct. at 2192. As the court cautioned in *Eight Thousand Eight Hundred and Fifty Dollars,* "these elements are guides in balancing the interests of the claimant and the government to assess whether the basic due process requirement of fairness has been satisfied in a particular case." 461 U.S. at 565, 103 S.Ct. at 2012.

Applying the first tine of the *Barker* test to this situation we find that a seven month delay is in fact significant. Being deprived of $152,000 for so long is a substantial burden.

■ The second factor is whether the delay had an important justification. We must keep in mind that the government must be allowed some time to decide whether to institute forfeiture suits. *Eight Thousand Eight Hundred and Fifty Dollars,* 461 U.S. at 565, 103 S.Ct. at 2013. Furthermore, pending criminal actions justify a delay in instituting civil forfeiture proceedings. A prior or contemporaneous civil suit could hamper a criminal case. In some circumstances, a forfeiture proceeding may prejudice the defendant's ability to raise an inconsistent defense in the criminal action. *Id.*

■ The facts of the case reveal that claimant was indicted on September 29, 1982, he pleaded guilty on February 16, 1983 and was sentenced on that same date. Then, on April 25, 1983, approximately two months after sentencing, the government commenced the forfeiture proceeding. We find therefore that the government acted diligently in instituting the civil action. The reason for the delay was well justified.

■ The third element of the *Barker* test is the claimant's assertion of his right to a hearing. The focus of our inquiry is whether claimant utilized any of the remedies available to him to obtain an early judicial hearing. There are several chan-

nels through which claimant could have recovered his money or at least have triggered a rapid filing of the forfeiture action. First, when currency is seized the Customs Services notifies persons appearing to have an interest in the property of its forfeiture liability and of the person's right to petition the Secretary of the Treasury for remission or mitigation of the forfeiture. *See* 19 C.F.R. § 162.31(a) (1982). Claimants are required to file their petition within sixty days. 19 C.F.R. § 171.12(b) (1982). Second, a claimant can file an equitable action compelling the filing of the forfeiture suit or return of the seized property. *Eight Thousand Eight Hundred and Fifty Dollars,* 461 U.S. at 569, 103 S.Ct. at 2014. Third, during the pendency of the criminal case, a claimant can file a motion under Federal Rule of Criminal Procedure 41(e) for return of the property. *Id.* However, claimant failed to use any of these remedies. It is thus an indication that he did not desire an early judicial hearing.

The fourth and final element of the due process balancing test is whether the claimant has been prejudiced by the delay. "The primary inquiry here is whether the delay has hampered the claimant in presenting a defense on the merits through, for example, the loss of witnesses or other important evidence." *Id.* This is a factor of considerable weight in determining whether the delay was unreasonable. However, claimant makes no such allegation. He has failed to allege that the delay affected his ability to defend the merits of this action. In fact, claimant does not even dispute that the elements necessary for a forfeiture action under § 5316 are met in this case.

Thus, upon balancing these factors we conclude that the government's delay was reasonable. Claimant was not denied due process of law.

We have reviewed claimant's other allegations, i.e. lack of jurisdiction and illegal seizure of the res and find that they are without merit.

In view of the above, plaintiff's motion for summary judgment requesting the for-

feiture *in rem* of the defendant currency is hereby granted. The clerk shall enter judgment in favor of plaintiff.

SO ORDERED.