724 F.Supp. 670 (1989)
UNITED STATES of America, Plaintiff,
v.
ONE PARCEL OF REAL PROPERTY Described as the North 57.75 Feet of the West 139.5 Feet of the Following Described Tract: All of Lot 16, and Vacated East 20 Feet of Clarmont Avenue West and Adjacent to Said Lot in Block 21, Englewood, a Subdivision in Independence, Jackson County, Missouri, According to the Recorded Plat Thereof, also KNOWN AS 2401 S. CLAREMONT, INDEPENDENCE, MISSOURI, Together with All its Buildings, Appurtenances, and Improvements, Defendant.
No. 89-0541-CV-W-8.
United States District Court, W.D. Missouri, W.D.
September 14, 1989.
*671 Frances Reddis, Asst. U.S. Atty., Kansas City, Mo., for plaintiff.
Thomas F. Hutchison, Bernard B. Levine, Kansas City, Mo., for defendant.

ORDER
STEVENS, District Judge.
Plaintiff filed this civil forfeiture action against defendant property alleging that the property was used, or was intended to be used, to facilitate the commission of a violation of Title 21 of the United States Code punishable by more than one year's imprisonment. On June 5, 1989 the Honorable John T. Maughmer, United States Magistrate for the Western District of Missouri, made a finding of probable cause and directed the clerk of court to issue an order authorizing arrest of the property. The clerk issued the warrant for arrest the same day. On June 8, 1989 this court issued an order authorizing the United States Marshal to enter the property, as well as all of its buildings, appurtenances and improvements in order to effectuate the warrant of arrest. 724 F.Supp. 668. On June 16, 1989 a Deputy United States Marshal arrested the property.
Claimant Daniel L. Muzingo filed his notice of a claim on the property on June 22, 1989. In this claim Muzingo demands restitution of the property. In addition, on July 5, 1989 Muzingo filed his answer to plaintiff's complaint, defending against the complaint by stating that his due process rights had been violated since the government waited over one year between the time of the last alleged violation of Title 21 and the seizure of the defendant property. Claimant also affirmatively pled that the government lacked probable cause to believe that the property had been used to commit or facilitate the commission of a violation of Title 21 of the United States Code. The case is currently before the court on claimant's motion for leave to file an amended answer and on the government's motion for summary judgment.
In his motion for leave to file an amended answer claimant adds an affirmative defense that the provisions of 21 U.S.C. § 881 authorizing seizure and forfeiture of property violate his fifth amendment due process rights. The government has no opposition to this amendment,[1] noting that this defense is argued by claimant in his response to the government's summary judgment motion. Accordingly, the court will grant claimant's motion for leave to file an amended answer.
In its motion for summary judgment the government argues that it properly seized the defendant property pursuant to 21 U.S.C. § 881(a)(7). It is well-established that in a civil forfeiture proceeding pursuant to 21 U.S.C. § 881 "the government has the initial burden of showing that there is probable cause to believe that the property seized is linked to the illegal activity." United States v. U.S. Currency $31,828, 760 F.2d 228, 230 (8th Cir.1985). Accord United States v. Premises Known As 3639-2nd Street, N.E., Minneapolis, Minnesota, 869 F.2d 1093, 1095 (8th Cir. 1989) (government has the burden of making an initial showing that probable cause for forfeiture exists); One Blue 1977 AMC Jeep CJ-5, VIN J783EA076436 v. U.S., 783 F.2d 759, 761 (8th Cir.1986) ("The government bears the burden of going forward in a forfeiture proceeding, but it must establish only that reasonable grounds exist to believe that the [property was] used or intended to be used for prohibited purposes."). Once the government establishes probable cause, "the burden shifts to the claimant to demonstrate by a preponderance of the evidence that the property is not subject to forfeiture, or that a defense *672 to forfeiture applies." One Blue 1977 AMC Jeep, 783 F.2d at 761. Accord Premises Known As 3639-2d Street, N.E., 869 F.2d at 1095. If the claimant is unable to meet this burden, "a showing of probable cause alone will support a judgment of forfeiture." Premises Known As 3639-2d Street, N.E., 869 F.2d at 1095.
In his order authorizing the clerk to issue a warrant for arrest of the property, Magistrate Maughmer stated that based on the complaint for forfeiture and the affidavit of Barbara J. Sloan, forfeiture analyst for the Federal Bureau of Investigation, probable cause existed "to believe that the defendant real property, together with all its buildings, appurtenances and improvements, was used, or intended to be used, to commit, or to facilitate the commission of, a violation of Title 21, United States Code, punishable by more than one year's imprisonment. ..." June 5, 1989 Order at 1. The complaint and affidavit referred to by Magistrate Maughmer note that claimant and his wife received title to the defendant property on January 30, 1980 and that on February 5, 1980 claimant's wife conveyed her interest in the property to claimant by a quitclaim deed. Complaint at ¶¶ 5 and 6. In her affidavit in support of the warrant for arrest Barbara J. Sloan testified that on May 12, 1988 Detective D. Curby of the Jackson County Drug Enforcement Task Force, accompanied by a confidential informant, visited the defendant property to meet with claimant. After a short conversation in the driveway claimant invited the detective and the confidential informant into the house where, approximately ten minutes later, claimant asked the detective and the confidential informant if they wanted to purchase a quarter pound of marijuana. The detective and confidential informant replied affirmatively and paid claimant $300 for the marijuana. After the transaction occurred the claimant told the detective and the confidential informant that in addition to an unlimited supply of marijuana he also had mushrooms (PSILOCYN) to sell.
On May 18, 1988 a similar transaction took place at the defendant property. Once again, the detective discussed future drug transactions with claimant before leaving the house. On May 25, 1988 claimant met for a third time with Detective Curby, this time without a confidential informant being present. On this occasion Detective Curby purchased one ounce of mushrooms in addition to the one quarter pound of marijuana. While in the house Detective Curby observed a tray containing a substance that he believed to be marijuana and a triple beam scale. The detective again met with claimant on June 1, 1988 at claimant's residence and again bought one quarter pound of marijuana and one ounce of mushrooms.
Once again, on June 9, 1988 Detective Curby visited claimant at the defendant property and purchased one quarter pound of marijuana. At that time the detective asked claimant if he could return in the evening or the next day to purchase an additional half pound of marijuana. Claimant replied affirmatively. After leaving the defendant property Detective Curby conducted a field test on the marijuana that he purchased and, after it tested positive for marijuana, he contacted Associate Circuit Court Judge Robert L. Trout and applied for a search warrant for the defendant property. Judge Trout signed the warrant and at approximately 5 p.m. that day members of the Jackson County Drug Enforcement Task Force executed the search warrant. The materials seized during execution of the search warrant were tested by The Regional Criminalistics Laboratory. The lab report confirmed that 650.3 grams of marijuana and 141.8 grams of PSILOCYN mushrooms were seized. From this information Sloan concluded that the defendant property was used or intended to be used to commit or facilitate the commission of a violation of Title 21 of the United States Code, specifically, a violation of 21 U.S.C. § 841(a)(1).
Based on a review of this information the court concludes that the magistrate properly found that probable cause existed to issue the warrant for arrest in accordance with 21 U.S.C. § 881(a)(7). Consequently, the burden shifts to claimant to show that the defendant property is not subject to *673 forfeiture or that a defense applies to the case. In the instant case defendant does not contend that probable cause did not exist for the seizure.[2] Claimant argues, however, that the seizure of the property over one year after the last alleged illegal act occurred violates his right to due process under the fifth amendment. In addition, defendant argues that his fourth amendment due process rights were violated because 21 U.S.C. § 881(b) provides that the clerk may issue a warrant for arrest of property without a finding of probable cause by a neutral and detached judicial officer. The court will consider each of these defenses in turn.
Initially, the court notes that the statute of limitations for customs forfeitures applies to the civil forfeiture statute at issue here. See 21 U.S.C. § 881(d) (adopting five-year statute of limitations of 19 U.S.C. § 1621). The Supreme Court has noted that it cannot read a statute of limitations shorter than five years into statutes adopting 19 U.S.C. § 1621. United States v. $8,850 in United States Currency, 461 U.S. 555, 563 n. 13, 103 S.Ct. 2005, 2011 n. 13, 76 L.Ed.2d 143 (1983) ("Even if we were inclined to interpret the statutes here in such a way as to avoid any due process question, it would be impossible to read into the statutory scheme ... a short statute of limitations, since 19 U.S.C. § 1621 ... expressly allows the government to bring a civil forfeiture proceeding within five years."). Thus, the court concludes that there is no merit in claimant's argument that the government unduly delayed filing the forfeiture proceeding since the statutory scheme allowing the government to seize the property allows five years for the government to bring the action.[3]
Claimant's second argument against forfeiture is that the forfeiture provisions of Title 21 violate his fourth amendment due process rights insofar as a warrant for arrest may be issued by the clerk without a neutral probable cause determination being made by a judge or magistrate. As plaintiff *674 notes, claimant's argument is inapplicable to this case since Magistrate Maughmer made a probable cause determination prior to the time the clerk issued the warrant for arrest. Consequently, no fourth amendment rights were implicated in this case.
Having found that probable cause existed for the seizure and that claimant has been unable to rebut this showing by demonstrating either that the property is not subject to forfeiture or that a defense exists to the forfeiture, the court concludes that the entry of summary judgment is appropriate. As the government notes, however, the entry of summary judgment of forfeiture must be subject to the claim filed by First Federal Savings and Loan Association of Kansas City. Accordingly, it is
ORDERED that claimant's motion for leave to file its amended answer is granted. It is further
ORDERED that plaintiff's motion for summary judgment and an order of forfeiture is granted. It is further
ORDERED that all other persons claiming any right, title, or interest in or to the defendant property are in default. It is further
ORDERED that all claims and interests in the defendant property, except as provided herein, are forever foreclosed and barred. It is further
ORDERED that the defendant property is hereby forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(7). It is further
ORDERED that the defendant property shall be disposed of by sale according to law. It is further
ORDERED that the claim filed by First Federal Savings and Loan Association of Kansas City shall be paid out of the proceeds of the sale of the property.
NOTES
[1] The government does not, however, agree with this argument.
[2] Although claimant's answer includes an affirmative defense that probable cause did not exist, claimant's suggestions in opposition to the government's motion for summary judgment failed to state any arguments supporting this fact. Regardless, the court concludes that the magistrate correctly found probable cause.
[3] The court notes, without deciding, that even if this case were governed by the four-part test adopted in United States v. $8,850 for determining whether the government unduly delays bringing a forfeiture action after it seizes the property, claimant probably could not have successfully asserted a due process violation. Under this four-part test the court must consider the length of the delay, the reason the government assigns to the delay, the claimant's assertion of a right to a judicial hearing and whether the claimant has been prejudiced by the delay. 461 U.S. at 565-69, 103 S.Ct. at 2012-15. The majority of courts using this test have found that due process concerns are not implicated of seizure and the time the government files a forfeiture action. See, e.g., United States v. One 1985 Cadillac Seville, 866 F.2d 1142, 1147 (9th Cir.1989) (four and one-half month delay between seizure and filing of the federal forfeiture complaint did not violate due process); United States v. U.S. Treasury Bills Totaling $160,916.25, 750 F.2d 900 (11th Cir.1985) (while court assumed that fourteen-month delay was sufficient to trigger due process concerns, court concluded that delay was caused by investigation and prosecution of the criminal acts charged); United States v. $18,505.10, 739 F.2d 354, 356 (8th Cir.1984) (twenty-six-month delay between time property was seized and time forfeiture proceeding was instituted did not violate due process when seizure was made initially by local authorities and was then transferred to federal authorities who instituted suit within three weeks); United States v. $199,514 in Currency, 681 F.Supp. 1109 (E.D.N.C.1988) (six-month delay is not unreasonable considering the fact that the government must be allowed time to determine whether it will institute judicial proceedings); United States v. $152,000 in Currency, 592 F.Supp. 1017, 1020 (D.P.R.1984) (seven-month delay is not unreasonable especially considering the fact that government "must be allowed some time to decide whether to institute forfeiture suits").

In the instant case the government waited nine months from the time it acquired control over the suit from the local authorities until the time it filed the application for seizure. Government's counsel notes that part of the delay between obtaining the case and filing for the warrant of arrest was caused by the fact that the government needed to obtain additional information before filing the forfeiture suit. This delay is reasonable, even if the five-year statute of limitations did not exist, since the alternative would be to deprive claimants of property without investigation and, possibly, without cause. In addition, claimant was not prejudiced by the delay since he continued to live in the home located on the property.