Rudolph **RHABURN**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 09–8C.

United States Court of Federal Claims.

Aug. 5, 2009.

Rudolph Rhaburn, Safford, AZ, pro se.

Jessica R. Toplin, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

SWEENEY, Judge.

Before the court in the above-captioned case are plaintiff's application to proceed *in forma pauperis* and defendant's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). As explained below, the court grants both plaintiff's application and defendant's motion.

### I. BACKGROUND[1]

During an undercover drug operation on May 26, 2004, the United States Drug Enforcement Administration ("DEA") searched plaintiff's hotel room and confiscated $31,775.00 belonging to plaintiff.[2]

---

1. The facts, taken as true for the purposes of deciding the instant motion to dismiss, are derived from plaintiff's *pro se* complaint ("Compl.") and the attached exhibit ("Ex."). As a general rule, *pro se* complaints, " 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.' " *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). This *pro se* complaint contains a clear and coherent statement of plaintiff's claim.

2. For a more detailed description of the undercover operation, *see United States v. Torres–Ramos*, 536 F.3d 542, 545–49 (6th Cir.2008). Plaintiff was arrested, and subsequently convicted for conspiracy to distribute cocaine, as a result of the operation. *Id.* at 548–49.

Compl. ¶¶ 2, 4–5. The DEA never initiated forfeiture proceedings with respect to the confiscated money. *Id.* ¶ 2. Accordingly, on September 29, 2008, plaintiff requested the return of the confiscated money, plus interest, from the DEA. *Id.* ¶ 3; Ex. A. In his request, plaintiff characterized the confiscation of his money as "unlawful," contending that it was done "without warrant or other statutory authority. . . ." Ex. A. He also indicated that if the DEA did not return the money, he would "initiate a civil action in the United States Court of Federal Claims for return of the detained assets." *Id.* Plaintiff filed the instant complaint on January 5, 2009, alleging that the government "seized, confiscated, and is currently detaining" his money, and that he is entitled to "either his property or just compensation as is required by the Fifth Amendment of the United States [Constitution]." Compl. ¶ 6. Defendant subsequently filed a motion to dismiss, arguing that plaintiff has not plead an essential element of a Fifth Amendment takings claim: an authorized taking for public use. Plaintiff opposes the motion. The court deems oral argument unnecessary.

## II. DISCUSSION

### A. Motion to Dismiss for Failure to State a Claim

█ Defendant filed a motion to dismiss pursuant to RCFC 12(b)(6). A motion to dismiss tests the sufficiency of a complaint.[3] *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In ruling on a motion to dismiss, the court assumes that the allegations in the complaint are true and construes those allegations in plaintiff's favor. *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995). The United States Supreme Court ("Supreme Court") has clarified the degree of specificity with which a plaintiff must plead facts sufficient to survive such a motion in *Bell Atlantic Corp. v. Twombly,* stating that "a plaintiff's obligation to provide the 'grounds' of his 'enti-

tle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted). The Supreme Court explained that although a complaint need not contain "detailed factual allegations," the "factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Id.* In other words, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp.,* 550 U.S. at 556, 127 S.Ct. 1955). Allegations constituting a "sheer possibility" of defendant's liability or that are " 'merely consistent with' a defendant's liability" are not sufficient. *Id.* (quoting *Bell Atl. Corp.,* 550 U.S. at 557, 127 S.Ct. 1955). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.,* 550 U.S. at 555, 127 S.Ct. 1955). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."[4] *Bell Atl. Corp.,* 550 U.S. at 563, 127 S.Ct. 1955. Indeed, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 814–19, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

### B. Fifth Amendment Takings

█ Plaintiff asserts that the DEA's seizure and retention of his money constitutes a taking in violation of the Fifth Amendment of the United States Constitu-

---

3. Plaintiff is mistaken that the insufficiency of his complaint may only be raised in defendant's answer as an affirmative defense.

4. In so holding, the Supreme Court determined that the "no set of facts" language set forth in *Conley,* 355 U.S. at 45, 78 S.Ct. 99, "has earned its retirement," *Bell Atl. Corp.,* 550 U.S. at 563, 127 S.Ct. 1955.

tion. The Fifth Amendment prohibits the federal government from taking private property for public use without paying just compensation. U.S. Const. amend. V. The United States Court of Federal Claims ("Court of Federal Claims") possesses jurisdiction to entertain Fifth Amendment takings claims against the United States. *See Morris v. United States*, 392 F.3d 1372, 1375 (Fed.Cir.2004) ("Absent an express statutory grant of jurisdiction to the contrary, the Tucker Act provides the Court of Federal Claims exclusive jurisdiction over takings claims for amounts greater than $10,000."); *Murray v. United States*, 817 F.2d 1580, 1583 (Fed.Cir.1987) (noting that "the 'just compensation' required by the Fifth Amendment has long been recognized to confer upon property owners whose property has been taken for public use the right to recover money damages from the government"). To bring suit in the Court of Federal Claims, a plaintiff "must concede the validity of the government action which is the basis of the taking claim...." [5] *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802–03 (Fed.Cir.1993); *accord Reg'l Rail Reorg. Act Cases*, 419 U.S. 102, 126–27 & n. 16, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974) ("[T]he Government action must be authorized. 'The taking of private property by an officer of the United States for public use, without being authorized, expressly or by necessary implication, to do so by some act of Congress, is not the act of the government,' and hence recovery is not available in the Court of Claims." (quoting *Hooe v. United States*, 218 U.S. 322, 336, 46 Ct.Cl. 655, 31 S.Ct. 85, 54 L.Ed. 1055 (1910))). Thus, "in a takings case we assume that the underlying governmental action was lawful, and we decide only whether the governmental action in question constituted a taking for which compensation must be paid." *Rith Energy, Inc. v. United States*, 270 F.3d 1347, 1352 (Fed.Cir.2001).

## C. Plaintiff's Complaint Fails to State a Fifth Amendment Takings Claim

The court must presume, for the purposes of its takings analysis, that the DEA's confiscation of plaintiff's money was valid.[6] *See id.* Because plaintiff's money was seized incident to his arrest on drug-related charges stemming from an undercover drug operation, it is apparent that plaintiff's money was confiscated pursuant to the government's police power. As noted by the United States Court of Appeals for the Federal Circuit ("Federal Circuit"), "the police power encompasses the government's ability to seize and retain property to be used as evidence in a criminal prosecution," even if the government ultimately does not rely on that evidence in criminal proceedings. *AmeriSource Corp. v. United States*, 525 F.3d 1149, 1153–54 (Fed.Cir.2008). However, "[p]roperty seized and retained pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause." *Id.; see also Acadia Tech., Inc.*, 458 F.3d at 1331 ("When property has been seized pursuant to the criminal laws ..., such deprivations are not 'takings' for which the owner is entitled to compensation."). Consequently, plaintiff's reliance on *Shelden v. United States*, 7 F.3d 1022 (Fed.Cir.1993), is misplaced.

In *Shelden*, the plaintiffs held a mortgage on property owned by a third party. *Id.* at 1024. The third party was convicted for violations of the Racketeer Influenced and Corrupt Organizations Act, making the property he owned subject to criminal forfeiture. *Id.* The court entered a judgment of forfeiture, which effectively transferred title in the property from the third party to the United States and destroyed the value of the plaintiffs' mortgage on the property. *Id.* at 1027–28. The destruction of the value of the mort-

---

**5.** Accordingly, plaintiff's argument to the contrary is without merit.

**6.** To the extent that plaintiff maintains that the DEA's confiscation of his money was unlawful, his remedy does not lie under the Fifth Amendment's Takings Clause. *See, e.g., Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1330 (Fed. Cir.2006) ("[A] takings claim is separate from a

challenge to the lawfulness of the government's conduct...."); *Rith Energy, Inc. v. United States*, 247 F.3d 1355, 1365 (Fed.Cir.2001) ("[A]n uncompensated taking and an unlawful government action constitute 'two separate wrongs [that] give rise to two separate causes of action' ...." (quoting *Del-Rio Drilling Programs, Inc. v. United States*, 146 F.3d 1358, 1364 (Fed.Cir.1998))).

gage "result[ed] in a taking of the [plaintiff]s' property interest in the mortgage." *Id.* at 1028. As recognized by the Federal Circuit in *Acadia Technology, Inc.*, "the decision in *Shelden* was limited to an in *personam* criminal forfeiture following the criminal conviction of a third party, in which an innocent owner-claimant sought to recover his interest in the forfeited property." 458 F.3d at 1333 n. 1; *accord AmeriSource Corp.*, 525 F.3d at 1156–57. Here, plaintiff does not allege that his money was confiscated pursuant to a criminal forfeiture action. Indeed, he alleges that the government has not instituted a forfeiture action. Moreover, plaintiff does not allege that he is an innocent third party, likely because he cannot. *See Torres–Ramos*, 536 F.3d at 546 (indicating that plaintiff was convicted for "conspiracy with the intent to distribute five or more kilograms of cocaine"). Thus, in sum, plaintiff cannot obtain compensation for the confiscated money pursuant to the Fifth Amendment in this court.

Further, although the court acknowledges that, as discussed by the Federal Circuit in *AmeriSource Corp.*, in appropriate circumstances, individuals whose property has been seized by the government may pursue a due process remedy pursuant to Federal Rule of Criminal Procedure 41(g),[7] *see* 525 F.3d at 1151–52, 1154–55, that remedy is not available in the Court of Federal Claims because this court lacks jurisdiction to adjudicate claims under the criminal code, *Joshua v. United States*, 17 F.3d 378, 379 (Fed.Cir. 1994); *cf. AmeriSource Corp.*, 525 F.3d at 1152 (noting that neither the Court of Federal Claims nor the Federal Circuit "has jurisdiction to review a district court's denial of relief under Rule 41[g]"); *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed.Cir.1997) ("The Court of Federal Claims ... does not

have jurisdiction to hear ... due process or seizure claims under the Fifth Amendment to the United States Constitution.").

## III.  CONCLUSION

For the reasons set forth above, defendant's motion to dismiss for failure to state a claim is **GRANTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. Plaintiff's application to proceed in *forma pauperis* is **GRANTED**.[8] No costs. The clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

---

7. The rule provides:

    A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed.R.Crim.P. 41(g).

8. Plaintiff's application to proceed in *forma pauperis* reflects that plaintiff has only $10.00 in assets. Plaintiff indicates that he is presently employed, but, given his current incarceration, the court assumes that plaintiff is employed at the prison and, consequently, has very little actual income. Accordingly, as a prisoner with little to no assets or income, plaintiff has satisfied the requirements set forth in 28 U.S.C. § 1915(a)(1)-(2) (2006).