NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RUDOLPH RHABURN,**

*Plaintiff-Appellant,*

v.

**UNITED STATES,**

*Defendant-Appellee.*

---

2010-5017

---

Appeal from the United States Court of Federal Claims in Case No. 09-CV-008, Judge Margaret M. Sweeney.

---

Decided: July 30, 2010

---

RUDOLPH RHABURN, of Los Angeles, California, pro se.

JESSICA R. TOPLIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARK A. MELNICK, Assistant Director.

---

Before RADER, C*hief Judge*, NEWMAN, AND MOORE, *Circuit Judges.*

PER CURIAM.

Mr. Rudolph Rhaburn appeals from the dismissal, by the United States Court of Federal Claims, of his suit for unconstitutional "taking" of property without just compensation, in violation of the Fifth Amendment. The property is $32,000 of currency that was seized during a criminal investigation. The court held that Mr. Rhaburn has not stated a Fifth Amendment takings claim, or any other claim within the jurisdiction of the Court of Federal Claims.[1] We *affirm* the dismissal.

## DISCUSSION

Mr. Rhaburn's complaint alleges the following facts: The United States Drug Enforcement Administration seized approximately $32,000 of currency from Mr. Rhaburn's hotel room during an undercover drug sting on May 26, 2004. By letter to the DEA, he requested that the DEA return the seized currency pursuant to 21 U.S.C. §853, governing forfeiture. The DEA has not returned the currency and, according to the complaint, has not instituted the forfeiture proceedings that would be necessary for the DEA to retain the currency by proving that it was used in or acquired through a violation of law. Mr. Rhaburn alleges that the DEA's continued possession of the currency constitutes a taking of his property for public use and without just compensation.

The Court of Federal Claims held that Mr. Rhaburn's complaint did not state a cognizable takings claim because it recognized that the DEA took his property as part of a

---

[1]   *Rhaburn v. United States*, 88 Fed. Cl. 310 (2009).

criminal investigation rather than through an exercise of the government's power of eminent domain. Mr. Rhaburn cites *Shelden v. United States*, 7 F.3d 1022 (Fed. Cir. 1993), for the principle that an innocent third-party property owner may pursue a takings claim to recover just compensation for property subject to seizure and criminal forfeiture. The Court of Federal Claims rejected this argument because Mr. Rhaburn did not assert that he is an innocent third-party property owner.

The government states that *Shelden* was implicitly overruled by the Supreme Court in *Bennis v. Michigan*, 516 U.S. 442 (1996). In *Bennis* an innocent third-party property owner pursued a Fifth Amendment takings claim to recover her interest in a car which had been seized and was subject to criminal forfeiture. *Id.* at 452. The Court ruled that no taking had occurred, relying on the nature of the government power exercised to take the property, *i.e.*, the police power. *Id.* at 452-53. The Court rejected any exception based on the innocence of the owner of the car. *Id.* In *AmeriSource Corp. v. United States*, 525 F. 3d 1149, 1154 (Fed. Cir. 2008), this court interpreted *Bennis* as holding that "so long as the government's exercise of authority was pursuant to some power other than eminent domain, then the plaintiff has failed to state a claim for compensation under the Fifth Amendment." Thus this court held that the innocence of the property owner is not a factor in determining whether there is a cognizable takings claim. *Id.* at 1154. Mr. Rhaburn does not allege that the government seized the $32,000 currency in an exercise of the power of eminent domain.

As described in the complaint, the government seized the currency during a drug investigation. Such seizures are an exercise of police power. *See AmeriSource Corp.*, 525 F. 3d at 1153 ("[P]olice power encompasses the government's

ability to seize and retain property to be used as evidence in a criminal prosecution."); *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1331 (Fed. Cir. 2006); *United States v. Premises Known as 608 Taylor Ave., Apartment 302, Pittsburgh, Pa.*, 584 F.2d 1297 (3d Cir. 1978). The seizure of property pursuant to police power is "an exercise that has not been regarded as a taking for public use for which compensation must be paid." *AmeriSource*, 525 F. 3d at 1152-53. We affirm that the DEA's seizure of this currency from Mr. Rhaburn's hotel room does not support a takings claim under the Fifth Amendment.

The government did not dispute that it has retained the currency notwithstanding Mr. Rhaburn's request pursuant to 21 U.S.C. §853. The Court of Federal Claims recognized that the allegations as pled may have remedy elsewhere, for "individuals whose property has been seized by the government may pursue a due process remedy pursuant to Federal Rule of Criminal Procedure 41(g)." *Rhaburn*, 88 Fed. Cl. at 314. The court held, and we agree, that a claim under Rule 41(g) is not within the jurisdiction of the Court of Federal Claims. *See* 28 U.S.C. §1356 (district courts have original jurisdiction over "any seizure"). The dismissal by the Court of Federal Claims has no preclusive effect on any such action in the district court.

Mr. Rhaburn also states that the Court of Federal Claims violated his due process rights by dismissing his case without an oral hearing. The government states that the court permitted Mr. Rhaburn to respond in writing, which he did. In this case, where the facts are undisputed, the law is clear, and Mr. Rhaburn's views were presented and considered, we agree that no violation of due process occurred.

We have considered all of Mr. Rhaburn's arguments, and discern no cognizable claim within the jurisdiction of the Court of Federal Claims. The dismissal of the complaint is affirmed.

No costs.

**AFFIRMED**